admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.

Pursuant to § 3-313, and given the conditional admission, we find that respondent knowingly does not challenge or contest the matters conditionally admitted. We further determine that by his conduct, respondent violated conduct rules §§ 3-507.1 and 3-508.4(a), as well as his oath of office as an attorney licensed to practice law in the State of Nebraska. Respondent has waived all additional proceedings against him in connection herewith. Upon due consideration, the court approves the conditional admission and enters the orders as indicated below.

## CONCLUSION

Respondent is publically reprimanded. Respondent is directed to pay costs and expenses in accordance with Neb. Ct. R. §§ 3-310(P) and 3-323(B) within 60 days after the order imposing costs and expenses, if any, is entered by the court.

Judgment of public reprimand.

---

State of Nebraska, appellee, v.
Patrick W. Vanderpool, appellant.
___ N.W.2d ___

Filed June 21, 2013.    No. S-12-755.

1. **Effectiveness of Counsel: Appeal and Error.** A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact. Determinations regarding whether counsel was deficient and whether the defendant was prejudiced are questions of law that an appellate court reviews independently of the lower court's decision. The court reviews factual findings for clear error.

2. **Effectiveness of Counsel: Proof.** To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defense.

3. ____: ____. To show deficient performance, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area.

4. ____: ____. To show prejudice, the defendant must demonstrate reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different.

5. **Postconviction: Effectiveness of Counsel: Proof.** The defendant has the burden in postconviction proceedings of demonstrating ineffectiveness of counsel, and the record must affirmatively support that claim.

6. **Postconviction: Appeal and Error.** In a postconviction motion, an appellate court will not consider as an assignment of error a claim that was not presented to the district court.

7. **Postconviction: Evidence.** Issues of credibility are for the postconviction court.

8. **Postconviction: Effectiveness of Counsel: Sentences.** Allegations of ineffective assistance which are affirmatively refuted by a defendant's assurances to the sentencing court do not constitute a basis for postconviction relief.

9. **Convictions: Effectiveness of Counsel: Pleas: Proof.** When a conviction is the result of a guilty plea or a plea of no contest, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the convicted defendant can show a reasonable probability that, but for the errors of counsel, he or she would have insisted on going to trial rather than pleading.

10. **Postconviction: Effectiveness of Counsel: Proof.** In the context of a claim of ineffectiveness of counsel for failure to investigate, allegations are too speculative to warrant relief if the petitioner fails to allege what exculpatory evidence that the investigation would have procured and how it would have affected the outcome of the case.

11. **Licenses and Permits: Attorneys at Law: Effectiveness of Counsel.** The failure to meet technical licensing requirements does not render an attorney per se ineffective.

12. ____: ____: ____. Suspension for nonpayment of dues does not render an attorney's representation per se ineffective.

Appeal from the District Court for Douglas County: James T. Gleason, Judge. Affirmed.

Thomas C. Riley, Douglas County Public Defender, and Kelly M. Steenbock for appellant.

Jon Bruning, Attorney General, and Erin E. Tangeman for appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Cassel, J.

## I. INTRODUCTION

A Nebraska attorney was suspended and later disbarred for nonpayment of dues. While suspended, the attorney represented

Patrick W. Vanderpool in a criminal case. When Vanderpool became aware of the suspension, he sought postconviction relief based upon alleged ineffective assistance of counsel. After an evidentiary hearing, the district court denied relief. The court first declined to apply a per se rule—reasoning that the attorney was qualified when admitted and was suspended solely for nonpayment of dues. After considering Vanderpool's specific claims regarding his attorney's performance, the court found that they either were affirmatively disproved by the record or constituted mere conclusions. We adhere to our previous rejection of a per se rule, and we find no error in the court's specific findings. Thus, we affirm.

## II. BACKGROUND

In 2010, Vanderpool pled guilty to and was convicted of attempted first degree sexual assault, for which he was sentenced to 10 to 15 years' imprisonment. There was no direct appeal.

Throughout the criminal proceedings, Vanderpool was represented by David M. Walocha and believed that Walocha was licensed to practice law in Nebraska. In actuality, Walocha's license to practice law in Nebraska had been suspended since 1996 for nonpayment of dues. Vanderpool did not learn of this fact until after his sentencing. A few months later, in 2011, the Counsel for Discipline of the Nebraska Supreme Court filed formal charges against Walocha for practicing law on a suspended license.[1] In 2012, Walocha was disbarred.[2]

After learning that Walocha's license was suspended but before Walocha was disbarred, Vanderpool filed a motion for postconviction relief, alleging ineffective assistance of counsel. He argued that Walocha was ineffective because he (1) led Vanderpool to believe that Vanderpool would receive only probation and not incarceration if Vanderpool pled guilty as part of a plea agreement, (2) failed to interview witnesses or

---

[1] See *State ex rel. Counsel for Dis. v. Walocha*, 283 Neb. 474, 811 N.W.2d 174 (2012).

[2] See *id*.

independently investigate the crime of which Vanderpool was convicted, and (3) represented himself as licensed to practice law in Nebraska when his license was in fact suspended.

After an evidentiary hearing, the district court denied Vanderpool's motion for postconviction relief. In its order, the court analyzed the motion under both a per se theory of ineffectiveness and under the standard two-part test of *Strickland v. Washington*.[3] The court found that Vanderpool was not entitled to relief for ineffective assistance of counsel under either approach.

Taking up the issue of Walocha's suspension first, the district court held that it was bound by *State v. McCroy*[4] to reject a per se determination of ineffectiveness. In *McCroy*, we declined to adopt a per se determination of ineffectiveness in the case of disbarment subsequent to representation—a factual situation the court viewed as similar to Vanderpool's representation by Walocha. The court also cited numerous cases from other jurisdictions, noting that "in varying sets of circumstances [c]ourts of other [s]tates have determined, almost unanimously, that an attorney whose license has been suspended for failure to pay dues may still be 'counsel' for Sixth Amendment purposes."

After rejecting a per se determination of ineffectiveness, the district court then found that Vanderpool's specific allegations of ineffective assistance of counsel lacked merit under the criteria of *Strickland*. Addressing Vanderpool's argument that Walocha promised a sentence of probation if Vanderpool pled guilty, the court found that this allegation was affirmatively refuted by the record. The court explained as follows:

> In this case, [Vanderpool] unequivocally represented to the [c]ourt, on the record, that no promises were made by anyone regarding his sentence[.] [H]aving clearly, intelligently and forthrightly set forth that he had not been

---

[3] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[4] *State v. McCroy*, 259 Neb. 709, 613 N.W.2d 1 (2000).

promised any particular sentence in return for his entry of a guilty plea to the amended charge[,] to now determine that his plea was not voluntarily entered based on promises made would be to make a mockery out of the arraignment [process].

As for Vanderpool's claim that Walocha failed to conduct an independent investigation, the court held that the allegations were "conclus[o]ry" in that Vanderpool "fail[ed] to allege with any specificity what exculpatory facts would have been discovered or how such discovery would have led to him not entering a plea of guilty to the significantly reduced charge."

Vanderpool timely appeals. Pursuant to statutory authority, we moved the case to our docket.[5]

### III. ASSIGNMENT OF ERROR

Vanderpool alleges that the district court erred in denying his motion for postconviction relief.

### IV. STANDARD OF REVIEW

[1] A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact.[6] Determinations regarding whether counsel was deficient and whether the defendant was prejudiced are questions of law that an appellate court reviews independently of the lower court's decision.[7] The court reviews factual findings for clear error.[8]

### V. ANALYSIS

#### 1. Ineffective Assistance of Counsel Under *Strickland*

[2-5] As in any other ineffective assistance of counsel case, we begin by reviewing Vanderpool's allegations under the two-part framework of *Strickland*. To prevail on a claim of

---

[5] See Neb. Rev. Stat. § 24-1106(3) (Reissue 2008).

[6] *State v. Yos-Chiguil*, 281 Neb. 618, 798 N.W.2d 832 (2011).

[7] *Id*.

[8] *Id*.

ineffective assistance of counsel under *Strickland*, the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defense.[9] To show deficient performance, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area.[10] To show prejudice, the defendant must demonstrate reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different.[11] The defendant has the burden in postconviction proceedings of demonstrating ineffectiveness of counsel, and the record must affirmatively support that claim.[12]

With these broad principles in mind, we turn to the specific errors that Vanderpool alleges Walocha committed. Liberally construed, Vanderpool's appellate brief argues that Walocha committed three specific errors: (1) He failed to file a direct appeal, (2) he led Vanderpool to believe that Vanderpool would receive only probation and not incarceration as part of a plea agreement, and (3) he failed to interview witnesses or independently investigate the crime of which Vanderpool was convicted. We find that Vanderpool is not entitled to relief based on any of these alleged errors in Walocha's actual performance.

### (a) Failure to Appeal

[6] Vanderpool alleges that Walocha was ineffective for failing to file a direct appeal after Vanderpool specifically requested that he do so. But Vanderpool did not raise this issue in his motion for postconviction relief. Neither did the district court rule on whether Walocha was ineffective for failing to file a direct appeal. In a postconviction motion, an appellate court will not consider as an assignment of

---

[9] *State v. Watt*, 285 Neb. 647, ___ N.W.2d ___ (2013).

[10] *Id.*

[11] *Id.*

[12] *State v. Hessler*, 282 Neb. 935, 807 N.W.2d 504 (2011).

error a claim that was not presented to the district court.[13] To the extent Vanderpool argues that Walocha was ineffective for failing to file a direct appeal, we decline to consider this allegation.

(b) Advice Regarding Guilty Plea

Vanderpool also argues that Walocha was ineffective for misrepresenting the terms of the plea agreement and thus leading Vanderpool to enter a guilty plea. At the evidentiary hearing before the district court, Vanderpool testified that Walocha told him that Walocha had reached an agreement with the prosecutor that would guarantee probation if Vanderpool pled guilty. According to Vanderpool, he pled guilty based solely on this promise of probation.

In evaluating this allegation, the district court highlighted that Vanderpool's responses to the sentencing court's questions on the record refuted the facts upon which he based this allegation of ineffective assistance of counsel. Indeed, the transcript from Vanderpool's sentencing hearing indicates that the plea agreement involved "the State not making any sentencing recommendation at the time of sentencing." When asked whether this was an accurate description of the plea agreement, Vanderpool responded, "Yes." Later, after Vanderpool entered a plea of guilty, the sentencing court asked, "[A]part from the State agreeing to withhold a sentencing recommendation, has anyone promised you anything or threatened you to get you to do this?" Vanderpool replied, "No, sir." The sentencing court asked whether Vanderpool was "doing this of [his] own free will." Vanderpool answered that he was entering a guilty plea of his own free will. Based on Vanderpool's answers on the record to these questions, we agree that the record affirmatively refutes his allegation that his counsel misrepresented the plea agreement.

During the evidentiary hearing, Vanderpool attempted to reconcile the contradiction between his answers during sentencing and his allegations of ineffective assistance of counsel

---

[13] *State v. Yos-Chiguil, supra* note 6.

by claiming that he lied to the sentencing judge. According to Vanderpool, Walocha specifically advised him to deny that "there was a reason why [he] was pleading guilty" and to "say no" if asked whether anyone promised him a specific sentence in return for pleading guilty. Vanderpool stated that he did as Walocha told him because he thought Walocha was "leading [him] in the right direction" and "doing his job" as an attorney.

[7] Given this evidence, the district court was faced with the option of relying upon the official transcript of Vanderpool's sentencing hearing, which disproved that he had been promised probation in exchange for entering a guilty plea, or rejecting this portion of the record based on Vanderpool's testimony that he lied to the sentencing court upon the advice of Walocha. Issues of credibility are for the postconviction court.[14] The court chose to accept the record over Vanderpool's testimony, noting that to accept his after-the-fact explanation for entering a guilty plea "would be to make a mockery out of the arraignment [process]." We find no clear error in the court's assessment of Vanderpool's credibility.

[8] This court has previously held that allegations of ineffective assistance which are affirmatively refuted by a defendant's assurances to the sentencing court do not constitute a basis for postconviction relief.[15] As we have noted:

> If the dialogue which is required between the court and the defendant whereat, as here, the court receives an affirmative answer as to whether the defendant understands the specified and full panoply of constitutional rights . . . and whether it is true that defendant was not improperly influenced by threats or promises . . . all done during the sanctity of a full and formal court proceeding, is to be impugned by a mere recantation made after the doors of the prison clang shut, we are wasting our time

---

[14] *State v. Poindexter*, 277 Neb. 936, 766 N.W.2d 391 (2009).

[15] See, e.g., *State v. Golka*, 281 Neb. 360, 796 N.W.2d 198 (2011); *State v. Vo*, 279 Neb. 964, 783 N.W.2d 416 (2010); *State v. McLeod*, 274 Neb. 566, 741 N.W.2d 664 (2007).

and that of the trial judges, making a mockery out of the arraignment process.[16]

Because the record refutes Vanderpool's allegation that Walocha allegedly misrepresented the plea agreement, the district court did not err in finding that Vanderpool was not entitled to relief on that ground.

### (c) Failure to Investigate

Finally, Vanderpool argues that Walocha was ineffective because he failed to "conduct an independent investigation of the facts."[17] In his motion for postconviction relief, Vanderpool further alleged that Walocha "never interviewed any of the witnesses against [him]." The district court dismissed this allegation because it failed to "allege with any specificity what exculpatory facts would have been discovered or how such discovery would have led to [Vanderpool's] not entering a plea of guilty to the significantly reduced charge."

[9,10] In order to satisfy the prejudice prong of *Strickland*, a defendant must "show a reasonable probability that but for counsel's deficient performance, the result of the proceeding in question would have been different."[18] When a conviction is the result of a guilty plea or a plea of no contest, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the convicted defendant can show a reasonable probability that, but for the errors of counsel, he or she would have insisted on going to trial rather than pleading.[19] Specifically, in the context of a claim of ineffectiveness of counsel for failure to investigate, allegations are "too speculative to warrant relief if the petitioner fails to allege what exculpatory evidence that the investigation would have procured and how it would have affected the outcome of the case."[20]

---

[16] *State v. Scholl*, 227 Neb. 572, 580, 419 N.W.2d 137, 142 (1988).

[17] Brief for appellant at 6.

[18] *State v. Jackson*, 275 Neb. 434, 443, 747 N.W.2d 418, 430 (2008).

[19] *State v. Golka, supra* note 15.

[20] *State v. Edwards*, 284 Neb. 382, 412-13, 821 N.W.2d 680, 705 (2012).

Based on these standards, the district court did not err in denying Vanderpool relief for his counsel's alleged failure to investigate. Vanderpool did not identify what exculpatory evidence investigation would have uncovered, which witnesses Walocha should have interviewed, or what testimony those witnesses would have provided. And when asked during oral arguments how further investigation would have changed the outcome of the criminal proceedings, Vanderpool stated that he was not certain that the outcome would have been different. The district court's implicit finding—that Vanderpool would not have insisted on going to trial rather than pleading—was not clearly erroneous. Thus, Vanderpool failed to show how he was prejudiced by Walocha's alleged failure to investigate.

For all of these reasons, Vanderpool is not entitled to relief based on any of the alleged errors in Walocha's actual performance. The district court did not err in so concluding.

## 2. Per Se Ineffective Assistance of Counsel

Because Vanderpool failed to show that he is entitled to relief under *Strickland*, his claim of ineffective assistance of counsel can succeed only if a per se rule applies. We now turn to that issue.

A per se determination of ineffective assistance of counsel is based on the proposition that when "surrounding circumstances justify a presumption of ineffectiveness" a court can find a claim of ineffective assistance of counsel to "be sufficient without inquiry into counsel's actual performance at trial."[21] When the right circumstances are present, prejudice is presumed.[22] A per se determination of ineffective assistance of counsel thus sits in stark contrast to a determination that counsel is ineffective under *Strickland*, because such a per se finding is not based on the particulars of counsel's representation.

---

[21] *United States v. Cronic*, 466 U.S. 648, 662, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984).

[22] See *State v. Howard*, 282 Neb. 352, 803 N.W.2d 450 (2011).

This court rejected a per se determination of ineffective assistance of counsel in *McCroy*.[23] In that case, Barry D. McCroy sought postconviction relief because his attorney was disbarred after representing McCroy for failing to disclose a disbarment in Colorado when applying for a license to practice law in Nebraska. On these facts, we declined to adopt a per se determination of ineffectiveness, but, rather, analyzed McCroy's postconviction motion "under the *Strickland* test based upon [his attorney's] actual performance in representing McCroy."[24]

Because the issue of per se ineffective assistance of counsel was one of first impression in *McCroy*, we engaged in a lengthy discussion of case law from other courts. In doing so, we noted that other courts adopted a per se determination of ineffectiveness in situations where an attorney (1) was "unsuccessful in passing the bar examination and thus was never admitted to practice as a lawyer,"[25] (2) was admitted to practice law "on the basis of false representations regarding his legal education,"[26] (3) was denied a license to practice law "due to lack of moral character,"[27] (4) had "submitted his resignation to the state bar with disciplinary proceedings pending,"[28] and (5) was deemed incompetent to represent clients.[29] In contrast, we cited to other courts that declined to adopt a per se rule of ineffectiveness in the case of attorney suspension;[30] disbarment of "'an attorney previously qualified

---

[23] See *State v. McCroy, supra* note 4.

[24] *Id.* at 717, 613 N.W.2d at 7.

[25] *Id.* at 713, 613 N.W.2d at 5 (discussing *Solina v. United States*, 709 F.2d 160 (2d Cir. 1983)).

[26] *Id.* (discussing *U.S. v. Novak*, 903 F.2d 883 (2d Cir. 1990)).

[27] *Id.* (discussing *Huckelbury v. State*, 337 So. 2d 400 (Fla. App. 1976)).

[28] *Id.* at 714, 613 N.W.2d at 5 (discussing *In re Johnson*, 1 Cal. 4th 689, 822 P.2d 1317, 4 Cal. Rptr. 2d 170 (1992)).

[29] See *id.* (discussing *People v. Hinkley*, 193 Cal. App. 3d 383, 238 Cal. Rptr. 272 (1987), and *Ex parte Williams*, 870 S.W.2d 343 (Tex. App. 1994)).

[30] See *State v. McCroy, supra* note 4 (discussing *State v. Smith*, 476 N.W.2d 511 (Minn. 1991)).

and in good standing'"[31]; and license revocation due to an attorney's false reporting on his application,[32] among others. In particular, we emphasized the finding of the Ninth Circuit that "'the infliction of discipline upon an attorney previously qualified and in good standing will not and should not transform his services into ineffective assistance.'"[33]

Based on this survey of case law, we concluded that there is "a valid distinction between representation by one who has never been qualified to practice law and one who was properly admitted in the first instance but is subsequently suspended or disbarred."[34] The facts showed that McCroy's attorney graduated from an accredited law school, passed the bar examination, and was admitted to practice law in Nebraska prior to being disbarred. Because McCroy's attorney "was properly admitted to practice law in this state in the first instance and was licensed to do so at the time of the challenged representation," we declined to adopt a per se determination of ineffectiveness even though the attorney was subsequently disbarred.[35]

From *McCroy*, we conclude that the question whether an attorney has met the substantive requirements for a license to practice law at any time is at the heart of our consideration whether to apply a per se determination of ineffectiveness. This focus on the substantive requirements for a license is consistent with the decisions of other courts. In considering whether to adopt a per se rule, the Seventh Circuit has noted that "the constitutional focus is on whether the federal court is satisfied that the attorney is competent and has authorized him to practice law."[36] Similarly, the Fifth Circuit has

---

[31] *Id.* at 715, 613 N.W.2d at 6 (quoting *United States v. Mouzin*, 785 F.2d 682 (9th Cir. 1986)).

[32] See *id.* (discussing *Vance v. Lehman*, 64 F.3d 119 (3d Cir. 1995)).

[33] *Id.* at 715, 613 N.W.2d at 6 (quoting *United States v. Mouzin, supra* note 31).

[34] *Id.* at 717, 613 N.W.2d at 7.

[35] *Id.* at 719, 613 N.W.2d at 8.

[36] *U.S. v. Williams*, 934 F.2d 847, 851 (7th Cir. 1991).

stated that "the key to adequate representation is not technical license to practice in the jurisdiction involved, but a credential from *some* forum demonstrating the specialized knowledge of a lawyer."[37]

[11] The logical implication of placing such focus on substantive requirements when considering whether to apply a per se rule is that the failure to meet technical licensing requirements does not render an attorney per se ineffective. Courts have overwhelmingly declined to adopt a per se determination of ineffectiveness in the case of an attorney who has been suspended or otherwise disciplined for practicing law while technical defects exist in his or her license.[38] Even courts that have adopted a per se determination of ineffectiveness have limited their holdings by differentiating technical requirements of the licensing process from substantive ones.[39]

[12] Under this prevailing rule, suspension for nonpayment of dues does not render an attorney's representation per se ineffective. The payment of dues is a technical requirement for a license to practice law and does not reflect on an attorney's competence, ability, or legal skill. As the Kansas Supreme Court stated in *Johnson v. State*,[40] "Although the payment of the registration fee is a prerequisite to the ethical practice of law in this state, the payment itself has nothing to do with the legal ability of the attorney." Because the payment of dues is merely a technical requirement for the maintenance of a license

---

[37] *U.S. v. Maria-Martinez*, 143 F.3d 914, 917 (5th Cir. 1998) (emphasis in original).

[38] See, e.g., *U.S. v. Watson*, 479 F.3d 607 (8th Cir. 2007); *U.S. v. Ross*, 338 F.3d 1054 (9th Cir. 2003); *U.S. v. Mitchell*, 216 F.3d 1126 (D.C. Cir. 2000); *Vance v. Lehman, supra* note 32; *U.S. v. Rosnow*, 981 F.2d 970 (8th Cir. 1992); *U.S. v. Williams, supra* note 36; *United States v. Mouzin, supra* note 31; *United States v. Hoffman*, 733 F.2d 596 (9th Cir. 1984); *In re Johnson, supra* note 28; *People v Pubrat*, 451 Mich. 589, 548 N.W.2d 595 (1996); *State v. Smith, supra* note 30; *Com. v. Allen*, 48 A.3d 1283 (Pa. Super. 2012); *Cantu v. State*, 930 S.W.2d 594 (Tex. Crim. App. 1996).

[39] See, e.g., *U.S. v. Novak, supra* note 26; *Solina v. United States, supra* note 25.

[40] *Johnson v. State*, 225 Kan. 458, 465, 590 P.2d 1082, 1087 (1979).

to practice law and Walocha's nonpayment of dues was the sole reason that he was suspended at the time he represented Vanderpool, we decline to adopt a per se determination of ineffectiveness. Numerous other courts have specifically addressed nonpayment of dues and have reached this same conclusion.[41] In the words of the Illinois Supreme Court, "To find a defendant's [S]ixth [A]mendment right to counsel to have been violated, there must be additional factors above and beyond a mere suspension for nonpayment of bar dues."[42]

Vanderpool attempts to distinguish his case from *McCroy*. He argues that unlike the attorney who represented McCroy, Walocha was "unlicensed in Nebraska at the time of his representation of [Vanderpool]."[43] We are not persuaded. *McCroy* focused on whether an attorney had met the substantive requirements to practice law, including completion of adequate legal education, possession of moral character at the time of admission, and passage of the bar examination. Because the attorney in *McCroy* had fulfilled all of these requirements, we held that he was not per se ineffective even though he was later disbarred. In the instant case, these same relevant facts are present—Walocha was admitted to practice law in Nebraska in 1994 after meeting all the substantive requirements. The *McCroy* holding dictates our resolution of Vanderpool's appeal. As explained above, under the distinction between substantive and technical licensing requirements

---

[41] See, e.g., *Kieser v. People of State of New York*, 56 F.3d 16 (2d Cir. 1995); *Reese v. Peters*, 926 F.2d 668 (7th Cir. 1991); *Beto v. Barfield*, 391 F.2d 275 (5th Cir. 1968); *U.S. v. Dumas*, 796 F. Supp. 42 (D. Mass. 1992); *People v. Medler*, 177 Cal. App. 3d 927, 223 Cal. Rptr. 401 (1986); *Dolan v. State*, 469 So. 2d 142 (Fla. App. 1985); *Cornwell v. Dodd*, 270 Ga. 411, 509 S.E.2d 919 (1999); *People v. Brigham*, 151 Ill. 2d 58, 600 N.E.2d 1178, 175 Ill. Dec. 720 (1992); *Johnson v. State, supra* note 40; *Commonwealth v. Thomas*, 399 Mass. 165, 503 N.E.2d 456 (1987); *People v Brewer*, 88 Mich. App. 756, 279 N.W.2d 307 (1979); *Jones v. State*, 747 S.W.2d 651 (Mo. App. 1988); *Com. v. Jones*, 829 A.2d 345 (Pa. Super. 2003); *Hill v. State*, 393 S.W.2d 901 (Tex. Crim. App. 1965).

[42] *People v. Brigham, supra* note 41, 151 Ill. 2d at 71, 600 N.E.2d at 1184-85, 175 Ill. Dec. at 726-27.

[43] Brief for appellant at 10.

established in *McCroy*, Walocha's suspension for nonpayment of dues did not render him per se ineffective.

## VI. CONCLUSION

Based on our previous holding in *McCroy*, we decline to adopt a per se determination of ineffectiveness based solely upon the fact that Vanderpool's attorney was suspended for nonpayment of dues at the time he represented Vanderpool in his criminal proceedings. We also find that Vanderpool failed to show that he was denied the effective assistance of counsel based on specific aspects of his attorney's actual performance. Accordingly, we affirm the judgment of the district court denying Vanderpool postconviction relief.

AFFIRMED.

————————————

STATE OF NEBRASKA, APPELLEE, v.
DAVID SCHANAMAN, APPELLANT.
___ N.W.2d ___

Filed June 21, 2013.    No. S-12-808.

1. **Pleas: Appeal and Error.** The right to withdraw a plea previously entered is not absolute. And, in the absence of an abuse of discretion, refusal to allow a defendant's withdrawal of a plea will not be disturbed on appeal.
2. **Pleas.** When a defendant moves to withdraw his or her plea before sentencing, a court, in its discretion, may grant the motion for any fair and just reason, if such withdrawal would not substantially prejudice the prosecution.
3. **Indictments and Informations: Courts.** Neb. Rev. Stat. § 29-1802 (Reissue 2008) does not apply to complaints in county court.
4. **Statutes: Judicial Constructions: Legislature: Presumptions.** When the Nebraska Supreme Court has construed a statute in a certain manner and that construction has not evoked a legislative amendment, it is presumed that the Legislature has acquiesced in the court's construction.

Appeal from the District Court for Kimball County, DEREK C. WEIMER, Judge, on appeal thereto from the County Court for Kimball County, RANDIN ROLAND, Judge. Judgment of District Court affirmed.

Todd Morten, of Island & Huff, P.C., L.L.O., for appellant.