State of Nebraska, appellee, v.
Juan Antonio Hernandez, appellant.

___ N.W.2d ___

Filed June 3, 2014.    No. A-13-687.

1. **Postconviction: Proof: Appeal and Error.** A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous.
2. **Effectiveness of Counsel.** A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact.
3. **Postconviction: Appeal and Error.** On appeal from a proceeding for postconviction relief, the trial court's findings of fact will be upheld unless such findings are clearly erroneous.
4. **Effectiveness of Counsel: Appeal and Error.** Determinations regarding whether counsel was deficient and whether the defendant was prejudiced are questions of law that an appellate court reviews independently of the lower court's decision.
5. **Effectiveness of Counsel: Plea Bargains.** The right to effective assistance of counsel extends to the negotiation of a plea bargain.
6. ____: ____. Claims of ineffective assistance of counsel in the plea bargain context are governed by the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).
7. **Effectiveness of Counsel: Proof.** To prevail on a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defense.
8. ____: ____. To show deficient performance, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area.
9. ____: ____. To show prejudice, the defendant must demonstrate reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different.
10. **Effectiveness of Counsel: Plea Bargains.** The prejudice inquiry in cases involving plea agreements focuses upon whether counsel's ineffective performance affected the outcome of the plea process.
11. **Effectiveness of Counsel: Plea Bargains: Proof.** To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability that they would have accepted the earlier plea offer had they been afforded effective assistance of counsel.
12. **Postconviction: Evidence: Witnesses.** In an evidentiary hearing for postconviction relief, the postconviction trial judge, as the trier of fact, resolves conflicts in evidence and questions of fact, including witness credibility and the weight to be given a witness' testimony.

Appeal from the District Court for Dakota County: Paul J. Vaughan, Judge. Affirmed.

Stuart B. Mills for appellant.

Jon Bruning, Attorney General, and Melissa R. Vincent for appellee.

IRWIN, RIEDMANN, and BISHOP, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Juan Antonio Hernandez appeals from the order of the district court for Dakota County, which denied his motion for postconviction relief after an evidentiary hearing limited to the issue of whether trial counsel was ineffective during the plea negotiation process. Finding no error in the district court's decision, we affirm.

## BACKGROUND

Hernandez was originally charged in January 2010 with two counts of first degree sexual assault of a child, both Class IB felonies, and two counts of child abuse, one a Class III felony and the other a Class IIIA felony. The State also alleged that Hernandez was a habitual criminal. Pursuant to a plea agreement, Hernandez pled guilty to one count of first degree sexual assault of a child, a Class II felony, and one count of child abuse, a Class IIIA felony. In exchange, the State agreed to dismiss the other two charges, forgo habitual criminal enhancement, and remain silent at sentencing. Hernandez was sentenced to 16 to 17 years' imprisonment for sexual assault and 18 to 20 months' imprisonment for child abuse, to be served consecutively.

On August 6, 2012, Hernandez filed a pro se motion for postconviction relief, alleging that (1) trial counsel was ineffective during the plea bargaining process, (2) trial counsel was ineffective for failing to consult with him about filing a direct appeal, (3) the State engaged in prosecutorial misconduct by failing to honor the plea agreement, and (4) the trial court abused its discretion by allowing the State to amend the information.

The district court issued an order on October 23, 2012, granting an evidentiary hearing on the limited issue of trial

counsel's alleged ineffectiveness in the plea negotiation process. The court dismissed the remaining allegations without an evidentiary hearing, and Hernandez did not appeal from that order. Counsel was appointed to represent Hernandez for the remainder of the postconviction proceedings. During the evidentiary hearing, Hernandez and his trial counsel testified regarding various plea negotiations that had occurred, as summarized below:

On March 5, 2010, trial counsel informed Hernandez of the State's plea offer under which Hernandez could plead guilty or no contest to one count of second degree sexual assault, a Class III felony, and, in exchange, the State would forgo habitual criminal enhancement and remain silent at sentencing. Trial counsel testified that he discussed the offer with Hernandez and encouraged him to accept it. Trial counsel told Hernandez that there was really no reason not to accept it, although the State did have some problems with its initial complaint. Trial counsel testified that Hernandez decided to reject the offer because he wanted to force the State to proceed with its problematic complaint.

Hernandez, on the other hand, testified that he rejected the March 5, 2010, plea offer because there had been no allegation by the alleged victim concerning the charges contained in the information and because trial counsel led Hernandez to believe that absent such an allegation, the State would be forced to dismiss the charges altogether. When asked whether he recalled advising Hernandez that the charges would be dismissed, trial counsel testified, "I don't believe I would have said that. I just don't believe it because I don't believe it would have been true." Trial counsel further explained that he had been practicing law for several years and could count on one hand the number of times the State had simply dismissed charges against a defendant.

Hernandez testified that after rejecting the March 5, 2010, offer, he planned to proceed to trial, with the expectation that the charges would be dropped. In mid-April, however, Hernandez discovered that the alleged victim was cooperating with the prosecution and had made a statement corroborating

another witness' allegations. At that point, Hernandez told trial counsel to accept the plea offer that he had initially rejected on March 5. When trial counsel advised him that the March 5 plea offer was no longer available, Hernandez instructed trial counsel to secure a plea agreement that would enable him to receive probation.

Trial counsel suggested making an offer to the State to plead guilty to one Class II felony and one Class IIIA felony, with the State remaining silent at sentencing so that trial counsel could argue for probation. Hernandez agreed, and trial counsel communicated that offer to the State. The State countered by offering an agreement that would allow Hernandez to plead guilty to one Class III felony and one Class IIIA felony, but would *not* require the State to remain silent at sentencing. For purposes of discussing these plea negotiations, we will refer to Hernandez' mid-April offer as "option A" and the State's counteroffer as "option B."

Trial counsel testified that he engaged in a long discussion with Hernandez about the pros and cons of the two options. Trial counsel advised Hernandez that option B would minimize his risk, since it involved a Class III felony rather than a Class II felony, but that it was not the best option for attempting to obtain probation. According to trial counsel, Hernandez was hoping for a short period of upfront jail time followed by an extended period of probation so that he could get out of jail as soon as possible to be with his family. Trial counsel advised Hernandez that option A was his best chance at receiving probation because it required the State to remain silent at sentencing, whereas option B would result in the State's arguing against probation and requesting prison terms on both counts. Trial counsel further advised Hernandez that probation was more likely under option A because the Class II felony would provide the sentencing judge with greater leverage over Hernandez if he were to violate the terms of his probation. Trial counsel testified that Hernandez discussed the options with his family and then decided to accept option A in hopes of obtaining probation. Trial counsel communicated

Hernandez' acceptance of option A to the State and scheduled a plea hearing.

According to Hernandez, he met with trial counsel just before his plea hearing on May 3, 2010, and discovered that trial counsel had conveyed the wrong plea deal to the State. Hernandez claims he told trial counsel to accept option B so that he could avoid the Class II felony. Hernandez testified that trial counsel advised the district court that he had made a mistake regarding the plea agreement and requested a continuance so he could try to correct it. Trial counsel denied having made a mistake, however, and maintained that Hernandez had instructed him to accept option A.

Thereafter, trial counsel approached the State and attempted to change the agreement to option B, but was advised that option B was no longer available because the State had recently acquired DNA evidence showing that Hernandez was the father of the victim's child. Faced with the choice of accepting option A or proceeding to trial on all of the charges in the amended information, Hernandez decided to accept option A and was sentenced accordingly.

At the close of the evidentiary hearing, the district court took the matter under advisement. It issued a written order on July 12, 2013, denying postconviction relief. In overruling Hernandez' motion, the district court stated:

> The essence of the allegation of ineffective assistance of counsel comes down to a dispute regarding the factual allegation of what plea offers were made and when and what advice was given by [trial counsel]. The Court finds that the testimony by [trial counsel] was more credible than the testimony of [Hernandez] and appeared to be more in line with the normal process of the give-and-take in the plea negotiation process. [Hernandez'] recollection of the offers that were made and the reasons for his rejection were [sic] unclear, while [trial counsel's] testimony appeared to be credible.
>
> The Court finds that [Hernandez] has failed to meet his burden of proof to establish that he received ineffective assistance of counsel in the plea negotiation process. All plea offers that were made were conveyed accurately

to [Hernandez]. [Hernandez] made strategic decisions whether or not to accept plea offers. [Hernandez] ultimately accepted an offer where the State would remain silent. This was the objective he had advised [trial counsel] to pursue; even in his own testimony at the postconviction relief hearing he indicated that he wished to seek probation. Ultimately, [Hernandez] entered the plea agreement that was provided through the negotiation process. It appears that he is simply unhappy at this time that he did not receive probation rather than a substantial prison sentence.

Hernandez timely appeals.

## ASSIGNMENT OF ERROR

Hernandez alleges that the district court erred in finding that he received effective assistance of counsel during the plea bargaining process.

## STANDARD OF REVIEW

[1] A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Keyser*, 286 Neb. 176, 835 N.W.2d 650 (2013).

[2-4] A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact. *State v. Dunkin*, 283 Neb. 30, 807 N.W.2d 744 (2012). On appeal from a proceeding for postconviction relief, the trial court's findings of fact will be upheld unless such findings are clearly erroneous. *Id*. Determinations regarding whether counsel was deficient and whether the defendant was prejudiced are questions of law that we review independently of the lower court's decision. *Id*.

## ANALYSIS

[5,6] Hernandez contends on appeal that he received ineffective assistance of counsel during the plea negotiation process. The U.S. Supreme Court has clearly established that the right to effective assistance of counsel extends to the negotiation of a plea bargain. See *Missouri v. Frye*, ___ U.S. ___, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012). Claims of

ineffective assistance of counsel in the plea bargain context are governed by the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Missouri v. Frye, supra*.

[7-9] To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defense. *State v. Vanderpool*, 286 Neb. 111, 835 N.W.2d 52 (2013). To show deficient performance, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. *Id*. To show prejudice, the defendant must demonstrate reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id*.

[10,11] The prejudice inquiry in cases involving plea agreements focuses upon whether counsel's ineffective performance affected the outcome of the plea process. *State v. Lopez*, 274 Neb. 756, 743 N.W.2d 351 (2008). To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. *Missouri v. Frye, supra*.

On appeal, Hernandez' argument appears to focus primarily on trial counsel's advice regarding the March 5, 2010, plea offer. Hernandez argues that he rejected the March 5 plea offer based on trial counsel's erroneous advice that the charges would be dismissed. Hernandez asserts that but for trial counsel's deficient performance, he would have accepted the March 5 plea offer, which was more advantageous than the plea agreement he ultimately accepted.

Whether trial counsel's advice was deficient in this regard turns on a factual determination as to the content of the advice given. Hernandez testified that he rejected the March 5, 2010, plea offer because there had been no allegation by the victim concerning the charges contained in the information and trial counsel led Hernandez to believe that absent

such an allegation, the charges would be dismissed. Trial counsel acknowledged that there were some problems with the State's initial complaint, but he did not believe he advised Hernandez that the charges would be dismissed, because, based upon trial counsel's experience, he "[did not] believe it would have been true." Trial counsel testified that he actually encouraged Hernandez to accept the March 5 plea offer but that despite his advice, Hernandez decided to reject the offer in hopes that the State would be stuck with its problematic complaint.

[12] In an evidentiary hearing for postconviction relief, the postconviction trial judge, as the trier of fact, resolves conflicts in evidence and questions of fact, including witness credibility and the weight to be given a witness' testimony. *State v. Benzel*, 269 Neb. 1, 689 N.W.2d 852 (2004). Here, after considering the testimony of Hernandez and trial counsel, the district court found that trial counsel's testimony was more credible. Based on the evidence presented at the evidentiary hearing, we cannot say that this finding was clearly erroneous. Thus, we conclude that trial counsel's performance was not deficient with respect to the March 5, 2010, plea offer.

To the extent that Hernandez is arguing that trial counsel was ineffective for accepting the wrong plea deal, we similarly find no merit to this argument. There was a conflict in the testimony at the evidentiary hearing regarding which plea agreement Hernandez instructed trial counsel to accept. Although Hernandez testified that he told trial counsel to accept option B to avoid the Class II felony, trial counsel testified that Hernandez told him to accept option A in hopes of obtaining probation. The district court considered the conflicting testimony and found that trial counsel's testimony was more credible. This finding is not clearly erroneous. In fact, it is consistent with Hernandez' own testimony that he instructed trial counsel to obtain a plea deal that would allow him to receive probation. We agree with the district court's conclusions that trial counsel accurately conveyed all plea offers to Hernandez and that Hernandez instructed trial counsel to accept option A. Thus, trial counsel was not deficient for acting in accordance with Hernandez' decision.

Finally, Hernandez argues that his pleas were not voluntary and intelligent, due to trial counsel's ineffectiveness during the plea bargaining process. Because we have found that trial counsel was not ineffective in the plea bargaining process, this argument is also without merit.

## CONCLUSION

The district court did not err in finding that Hernandez was not deprived of his right to effective assistance of counsel in the plea bargaining process. Thus, we affirm the denial of Hernandez' motion for postconviction relief.

AFFIRMED.

———————————

In re Interest of Gabriella H., a child
under 18 years of age.
State of Nebraska, appellee,
v. Ricardo R., appellant.
___ N.W.2d ___

Filed June 3, 2014.    No. A-13-900.

1. **Juvenile Courts: Appeal and Error.** Juvenile cases are reviewed de novo on the record, and an appellate court is required to reach a conclusion independent of the juvenile court's findings.
2. **Evidence: Appeal and Error.** When the evidence is in conflict, an appellate court may consider and give weight to the fact that the trial court observed the witnesses and accepted one version of the facts over the other.
3. **Parental Rights: Proof.** For a juvenile court to terminate parental rights under Neb. Rev. Stat. § 43-292 (Cum. Supp. 2012), it must find clear and convincing evidence that one or more of the statutory grounds listed in that section have been satisfied and that termination is in the child's best interests.
4. **Evidence: Words and Phrases.** Clear and convincing evidence is that amount of evidence which produces in the trier of fact a firm belief or conviction about the existence of the fact to be proved.
5. **Parental Rights: Time: Abandonment.** Neb Rev. Stat. § 43-292(1) (Cum. Supp. 2012) provides grounds for termination of parental rights when a parent has abandoned the juvenile for 6 months or more immediately prior to the filing of the petition for termination.
6. ____: ____: ____. The crucial time period for purposes of determining whether a parent has intentionally abandoned a child under Neb. Rev. Stat. § 43-292(1) (Cum. Supp. 2012) is determined by counting back 6 months from the date the petition was filed.