IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. AMIN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

BILAL R. AMIN II, APPELLANT.

Filed November 7, 2023.    No. A-22-789.

Appeal from the District Court for Lancaster County: KEVIN R. MCMANAMAN, Judge. Affirmed.

Bilal R. Amin II, pro se.

Michael T. Hilgers, Attorney General, and Matthew Lewis for appellee.

PIRTLE, Chief Judge, and MOORE and ARTERBURN, Judges.

MOORE, Judge.

## INTRODUCTION

Bilal R. Amin II appeals from the order of the district court for Lancaster County, which denied his motion for postconviction relief without an evidentiary hearing. For the reasons set forth herein, we affirm.

## STATEMENT OF FACTS

In November 2020, Amin entered a no contest plea and was convicted of generation of child pornography, age 19 and over, a Class ID felony. The factual basis offered during the plea hearing indicated that on May 13, 2019, police responded to a report of a suspicious person in a park. Upon arrival, they contacted the female victim, born in January 2009. She reported that an unknown man (later identified as Amin, born in December 1981) approached her while she was sitting on a park bench. The man used his cell phone to take a video of her breasts and vagina,

- 1 -

kissed her on the lips, and stated, "I love you." The victim described the cell phone used by the man as having a green case. Other witnesses contacted by police observed an unknown man kissing the victim and shortly thereafter, running from the area after being chased by a neighbor. They stated the man was carrying a cell phone with a lime green case. The man was observed to run into an apartment complex a few blocks away. It was later determined that Amin had been staying in the apartment complex where the suspect was seen running; he was known to be in possession of a cell phone with a green case. On May 27, Amin was contacted by police during a traffic stop. He was a passenger in the vehicle and was arrested on an active warrant (for another crime). During the arrest, police observed him to be in possession of a cell phone with a lime green case, matching the one used to video record the victim in the park incident. The cell phone was collected as evidence. A search warrant was obtained and, upon execution of the warrant, video was located on the phone which showed the victim in this case being contacted by Amin. It shows him pull her shirt away from her breasts, recording her bare breasts. Later in the video, he places his fingers in her leggings and begins to pull them away from her body, at which point the video ended abruptly. Amin was contacted by police and arrested for the park incident on May 29. During the plea hearing, the court accepted Amin's plea and found him guilty of the crime charged. Amin was sentenced to a term of 35 to 40 years' imprisonment.

On direct appeal, and represented by the same counsel, Amin alleged that the district court abused its discretion by imposing an excessive sentence. This court summarily affirmed. See *State v. Amin*, 29 Neb. App. xxviii (No. A-21-142, June 7, 2021).

In July 2022, Amin, now self-represented, filed a motion for postconviction relief. In that motion, Amin presented claims with respect to the seizure of the cell phone and the subsequent search of its contents, the search warrant affidavit for the contents of the phone, and his trial counsel's ineffectiveness in failing to file a motion to suppress. Attached to Amin's motion were police reports with respect to the park incident, as well as the search warrant affidavits for the contents of the cell phone and the apartment where Amin resided.

On September 27, 2022, the district court entered an order denying Amin's request for postconviction relief. We have set forth details of the court's reasoning in the analysis section below.

ASSIGNMENTS OF ERROR

Amin assigns that (1) the district court erred in denying his motion for postconviction relief without an evidentiary hearing, (2) his trial counsel was ineffective for failing to move to suppress evidence found during the search of the cell phone and apartment, (3) the search and seizure of the cell phone incident to Amin's arrest was improper since it had no rational connection to the warrant for his arrest, (4) the search of the cell phone was illegal, and (5) the affidavits for the search warrants of the contents of the cell phone and apartment were fatally flawed.

STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Galindo*, 315 Neb. 1, 994 N.W.2d 562 (2023).

ANALYSIS

An evidentiary hearing is not required on a motion for postconviction relief when (1) the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights rendering the judgment void or voidable; (2) the motion alleges only conclusions of fact or law without supporting facts; or (3) the records and files affirmatively show that the defendant is entitled to no relief. *Id*.

Generally, a voluntary guilty plea or plea of no contest waives all defenses to a criminal charge. *State v. Jaeger*, 311 Neb. 69, 970 N.W.2d 751 (2022). Thus, when a defendant pleads guilty or no contest, the defendant is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel. *Id*.

A motion for postconviction relief cannot be used to secure review of issues that were or could have been litigated on direct appeal. *Id.* However, when the defendant is represented both at trial and on direct appeal by the same counsel, the defendant's first opportunity to assert ineffective assistance of trial counsel is in a motion for postconviction relief. *Id.*

In order to establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the defendant has the burden, in accordance with *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense in his or her case. *State v. Stelly*, 308 Neb. 636, 955 N.W.2d 729 (2021). The two prongs of the ineffective assistance of counsel test—deficient performance and prejudice—may be addressed in either order, and the entire ineffectiveness analysis is viewed with a strong presumption that counsel's actions were reasonable. *Id.* To show that counsel's performance was deficient, the defendant must show counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *State v. Galindo, supra*. When a conviction is based upon a guilty plea or a plea of no contest, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *State v. Meyer*, 30 Neb. App. 662, 971 N.W.2d 185 (2022).

Amin asserts that the district court erred in dismissing his motion for postconviction relief without an evidentiary hearing. Specifically, he claims that his trial counsel was ineffective for failing to move to suppress evidence found during the search of the cell phone and apartment. In support of this assertion, Amin relies on his arguments that the search and seizure of the cell phone incident to his arrest was improper since it had no rational connection to the warrant for his arrest, that the search of the cell phone was illegal, and that the affidavits for the search warrants of the contents of the cell phone and apartment were fatally flawed. He argues that he asked his trial counsel to suppress the evidence recovered from the cell phone seized by police, but that his counsel advised him to accept the State's plea offer.

In its order denying Amin's postconviction motion without an evidentiary hearing, the district court first addressed Amin's allegations that he "begged" his trial counsel to move to suppress the evidence contained on the cell phone seized by police and that his counsel advised him to accept the State's plea offer "with no realistic plea deal or sentencing recommendation and

- 3 -

without offering any rational defense." The court found these allegations were affirmatively refuted by the assurances Amin gave the trial court at the time of the plea hearing. We agree.

At the plea hearing, in response to the trial court's advisement and inquiry, Amin confirmed that he understood his right to a hearing to determine if evidence against him should be suppressed and that he had discussed this right with his attorney. Amin also assured the court that he was waiving his rights freely, voluntarily, intelligently, and knowingly. Amin affirmed that he had gone over all of the facts and possible defenses he might have with his attorney, that he did not need any more time to talk with his attorney, and that he was satisfied with his attorney's advice and representation. And, Amin affirmed that he had a complete understanding of what it meant to offer his plea and that he was entering his plea of his own free will and without reservation.

Because Amin's allegations with respect his trial counsel rejecting his request to file a motion to suppress and advising him to accept the plea offer were affirmatively refuted by Amin's assurances to the trial court at the time of the plea hearing, he was not entitled to an evidentiary hearing in this regard. Allegations of ineffective assistance which are affirmatively refuted by a defendant's assurances to the sentencing court do not constitute a basis for postconviction relief. *State v. Vanderpool*, 286 Neb. 111, 835 N.W.2d 52 (2013). See, also, *State v. Newman*, 300 Neb. 770, 916 N.W.2d 393 (2018) (holding no evidentiary hearing is required in postconviction proceeding when records and files affirmatively refute defendant's claim).

In its September 2022 order, the district court went on to consider whether Amin's trial counsel performed deficiently by failing to file a motion to suppress, concluding that any such motion would not have been successful. As a matter of law, counsel cannot be ineffective for failing to raise a meritless argument to the trial court. *State v. Jaeger*, 311 Neb. 69, 970 N.W.2d 751 (2022). And, the viability of any defense goes to the likelihood of whether a rational defendant would have insisted on going to trial. *Id.* However, because we have found that the record refutes Amin's argument that his counsel failed to file a motion to suppress against his wishes, we need not address Amin's arguments with respect to the success of any motion to suppress the seizure of the cell phone at the time of his arrest on a different crime and the subsequent search of the phone's contents. An appellate court is not obligated to engage in an analysis that is not needed to adjudicate the controversy before it. *State v. Dolinar*, 315 Neb. 257, 995 N.W.2d 18 (2023). The record affirmatively shows that Amin is entitled to no relief. See *State v. Galindo*, 315 Neb. 1, 994 N.W.2d 562 (2023).

## CONCLUSION

The district court did not err in denying Amin' motion for postconviction relief without an evidentiary hearing.

AFFIRMED.