IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. RODRIGUEZ


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

JAMIE D. RODRIGUEZ, APPELLANT.


Filed February 8, 2022.    No. A-21-584.


Appeal from the District Court for Madison County: JAMES G. KUBE, Judge. Affirmed.

Melissa Figueroa and Patrick P. Carney, of Carney Law, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Jordan Osborne for appellee.


RIEDMANN, ARTERBURN, and WELCH, Judges.

WELCH, Judge.

## INTRODUCTION

Jamie D. Rodriguez appeals from her plea-based conviction for second degree assault. She contends that the sentence imposed was excessive and that her trial counsel was ineffective in various respects. For the reasons set forth here, we affirm.

## STATEMENT OF FACTS

Rodriguez was charged with one count each of first degree assault, second degree assault, and terroristic threats and three counts of use of a firearm to commit a felony. Pursuant to a plea agreement, Rodriguez pled no contest to an amended charge of second degree assault wherein the allegation that Rodriguez "intentionally or knowingly cause[d] bodily injury to another with a dangerous instrument" was stricken. As such, the allegation to which Rodriguez pled no contest was that she "recklessly cause[d] serious bodily injury to another with a dangerous instrument."

- 1 -

As part of the plea agreement, the State dismissed the remaining charges and agreed to not oppose Rodriguez being sentenced to probation.

The State provided a factual basis which set forth that, on February 3, 2019, Rodriguez and the victim, who had both been consuming alcohol, met up at a party. During that evening, the pair used Rodriguez' vehicle to go to another party. When they arrived at the house where they believed the party was to be held, there did not appear to be a party, so Rodriguez, who was driving, parked nearby. While parked, Rodriguez and the victim got into a verbal altercation. After the argument escalated, Rodriguez pulled out a gun and shot the victim in the groin area causing serious bodily injury.

Following the completion of a presentence investigation report (PSR), the district court sentenced Rodriguez to 5 to 8 years' imprisonment with 55 days' credit for time served. Rodriguez has appealed and is represented by different counsel than represented her during her plea and sentencing.

## ASSIGNMENTS OF ERROR

On appeal, Rodriguez contends (1) that the sentence imposed was excessive and (2) that her trial counsel was ineffective by (a) failing to ensure that she had the opportunity to review the PSR, (b) failing to obtain evidence surrounding the circumstances of the case and not disclosing potentially mitigating facts to the prosecution to consider in plea negotiations, and (c) failing to properly advise Rodriguez on the possible penalties related to second degree assault.

## STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Garcia*, 302 Neb. 406, 923 N.W.2d 725 (2019). In reviewing a sentence imposed within the statutory limits, an appellate court considers whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any legal principles in determining the sentence to be imposed. *State v. Rogers*, 297 Neb. 265, 899 N.W.2d 626 (2017).

The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved on direct appeal; the determining factor is whether the record is sufficient to adequately review the question. *State v. Wood*, 310 Neb. 391, 966 N.W.2d 825 (2021). The record is sufficient to resolve on direct appeal a claim of ineffective assistance of counsel if the record affirmatively proves or rebuts either deficiency or prejudice with respect to the defendant's claims. *Id*. Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019).

## ANALYSIS

### 1. EXCESSIVE SENTENCE

Rodriguez' first assigned error is that the sentence imposed was excessive. Specifically, Rodriguez contends that the district court failed to properly consider sentencing factors.

Rodriguez was convicted of second degree assault, a Class IIA felony. See Neb. Rev. Stat. § 28-309(1)(b) (Reissue 2016). Rodriguez' sentence of 5 to 8 years' imprisonment is within the statutory sentencing range for Class IIA felonies which are punishable by a minimum of no imprisonment and a maximum of 20 years' imprisonment. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2020). Because Rodriguez' sentence is within the statutory limits, we consider only whether the court abused its discretion in weighing the appropriate factors.

When imposing a sentence, a sentencing court is to consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019); *State v. Rogers*, 297 Neb. 265, 899 N.W.2d 626 (2017).

At the time of the preparation of the PSR, Rodriguez was 28 years old, single, with no dependents. She graduated from high school and had a minimal criminal history which included convictions for speeding, minor in possession, first offense driving under the influence, and refusal to submit to a preliminary breath test. The PSR reflected that Rodriguez had issues with alcohol and marijuana and that continuing mental health treatment would be beneficial. The probation officer set forth in the PSR:

> Based upon [Rodriguez'] minimal criminal history, her expressed preference [for] probation, interest in continuing mental health treatment, and the number of programs which would benefit [Rodriguez] and reduce her risk to recidivate, I believe she would benefit from a supervisory structure with cognitive and behavioral programming. Therefore I recommend she be sentenced to a term of probation in this matter. Based upon the severity of the offense, I recommend said sentence of probation be for an extended duration and include a period of incarceration. These conditions will emphasize the seriousness of the offense and promote respect for the law.

At the sentencing hearing, defense counsel requested a sentence of probation noting that, while out on bond during the pendency of the case, Rodriguez had obtained full-time employment, was attending mental health counseling, completed intensive outpatient treatment, stopped using alcohol and marijuana, and had not tested positive on any urinalysis test. The district court noted that it had reviewed the PSR and addendums and held a lengthy discussion with Rodriguez concerning her allegations that the victim had threatened her prior to the shooting and the victim's belief that Rodriguez did not shoot him intentionally. The court found that, due to the nature of the offense, probation was not appropriate and that any sentence less than incarceration would depreciate the seriousness of the offense and would promote disrespect for the law.

We note that, although the district court did not state on the record that it had considered each factor and the weight given thereto, the Nebraska Supreme Court has held that Neb. Rev. Stat. § 29-2260 (Reissue 2016) (setting forth factors for a court to consider in determining whether to impose or withhold imprisonment), "does not require the trial court to articulate on the record that it has considered each sentencing factor, and it does not require the court to make specific findings as to the factors and the weight given them." *State v. McCulley*, 305 Neb. 139, 147, 939

N.W.2d 373, 381 (2020). Further, a sentencing court is accorded very wide discretion in imposing a sentence because the appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *State v. Rogers*, 297 Neb. 265, 899 N.W.2d 626 (2017).

Based upon factors including that the sentence imposed was within the statutory sentencing range, the substantial benefit that Rodriguez received from the plea agreement including the dismissal of four felonies, the nature of the offense, and the injuries suffered by the victim, we find that the district court did not abuse its discretion in declining to sentence Rodriguez to probation nor did the court abuse its discretion in the sentence imposed.

## 2. INEFFECTIVE ASSISTANCE OF COUNSEL

Rodriguez next argues that she was denied effective assistance of counsel when trial counsel (1) failed to provide sufficient time for Rodriguez to review the presentence investigation report prior to sentencing, (2) failed to properly investigate the facts surrounding the offense and notify the prosecution of mitigating circumstances, and (3) advised Rodriguez that she would be sentenced to a term of probation for the offense.

The voluntary entry of a guilty plea or a plea of no contest waives every defense to a charge, except for the defenses of insufficiency of the indictment, information, or complaint; ineffective assistance of counsel; and lack of jurisdiction. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). Thus, when a defendant pleads guilty or no contest, he or she is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel. *Id*. When a claim of ineffective assistance of trial counsel is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *State v. Lierman,* 305 Neb. 289, 940 N.W.2d 529 (2020).

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Wood*, 310 Neb. 391, 966 N.W.2d 825 (2021). An appellate court may address the two prongs of this test, deficient performance and prejudice, in either order. *Id*. When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019).

### (a) Presentence Investigation Report

Rodriguez first contends that trial counsel was ineffective for failing to provide her sufficient time to review the PSR. Although Rodriguez acknowledges that she "indicate[d] to the sentencing court that she had received and reviewed a copy of the [PSR], she argues that "trial counsel did not make the [383 page PSR] available until the day of sentencing, and she did not have enough time to thoroughly review the report before her sentencing." Brief for appellant at 13.

She identifies as areas of concern "discrepancies noted between the substance use evaluation completed by Behavior[ial] Health Services and comments reported to the probation office. Probation noted its concern that Rodriguez was downplaying her substance use and that this was indicative of 'a greater tolerance for deviancy than presented.'" Brief for appellant at 13.

A defendant has a qualified right to review his or her presentence report, and the defendant may, with his or her attorney, examine the presentence report subject to the court's supervision. *State v. Blaha, supra*. However, a defendant waives his or her qualified right to review the presentence investigation report by not notifying the trial court that he or she has not personally reviewed the report and that he or she wishes to do so. *Id*.

At the sentencing hearing, the following colloquy regarding the PSR occurred between the court, Rodriguez, and defense counsel:

> THE COURT: And when we were in court on April 13th, I ordered that a presentence investigation report be prepared prior to sentencing. Have you had a chance to review that report with [defense counsel]?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Any additions or corrections that you have to the PSI, sir?
>
> [Defense Counsel:] I e-mailed the Court a letter with a couple of pages of depositions. I would just ask that that be added as an addendum.
>
> THE COURT: I did receive that and I did review it. Any objections to the Court adding that as an addendum?
>
> [The State:] No, Your Honor.
>
> . . . .
>
> [The Court:] Any other additions or corrections that you have, sir?
>
> [Defense counsel:] No, Your Honor.
>
> THE COURT: Any from the State?
>
> [The State:] No, Your Honor.
>
> THE COURT: Do you understand I'm going to be using the contents of this report for purposes of sentencing you here today?
>
> THE DEFENDANT: Yes, Your Honor.

From the above stated colloquy, it is apparent that Rodriguez asserted to the district court that she had reviewed the PSR with defense counsel, she understood that the court would consider the PSR in determining her sentence, and she did not request additional time to review the PSR. Thus, the record affirmatively refutes this claim of ineffective assistance of counsel and, where the record refutes a claim of ineffective assistance of counsel, no recovery may be had. See *State v. Liner*, 24 Neb. App. 311, 886 N.W.2d 311 (2016). This argument fails.

(b) Mitigating Circumstances

Rodriguez next alleges that trial counsel was ineffective for failing to properly investigate the circumstances of the case and failing to disclose mitigating issues for the prosecution to consider. Specifically, Rodriquez contends that, although trial counsel was aware of facts surrounding the victim's prior contact with her, trial counsel

did not make an effort to obtain text records of text messages and phone logs which would have provided evidence of her prior contacts with the victim, and could have provided necessary context surrounding the communications between the victim and Rodriguez. . . . Rodriguez asserts that trial counsel did not do anything to obtain her cell phone records to obtain the evidence that the victim would threaten to kill himself, threaten her, and was pursuing a romantic relationship with Rodriguez, despite her turning him down.

Brief for appellant at 14.

However, the PSR, which was reviewed by the district court, contained information obtained from Rodriguez' and the victim's cell phones. The police report stated that a review of the parties' phone logs showed that there were multiple calls made by the victim to Rodriguez and calls made by Rodriguez to the victim. Further, the report disclosed multiple texts between the parties in which

[the victim] would get angry with [Rodriguez] for seeing other men. [Rodriguez] made it clear that she was not his girlfriend and did not want to be in a relationship with [the victim]. A text conversation between [the parties] on 9/10/18 . . . indicates that some type of intimate contact took place between [the victim] and [Rodriguez] prior to this date. [The parties] would fight with each other and at times would block each other. After each disagreement they had a history of making up and making arrangements to see each other, usually to go out to eat. These fights that occurred through texting usually involved one or both being intoxicated.

Further, during the sentencing hearing, Rodriguez informed the court about the victim's prior contact with Rodriguez including that the victim "had made advancements" towards Rodriguez and had "forcibly kissed" her. She also informed the court that, on the date of the incident, the victim "threatened" her and "stopped [her] from leaving" her vehicle and the district court considered the circumstances in arriving at the sentence imposed. Since the record contained the information Rodriguez claims was not provided to the sentencing court, the record affirmatively refutes her claim of ineffective assistance due to counsel's failure to obtain cell phone logs and text messages. This assignment fails.

(c) Advice Regarding Sentencing

Rodriguez' third claim of trial counsel's ineffectiveness is that trial counsel "led her to believe she would receive a sentence of probation." Brief for appellant at 15. The record clearly refutes this claim.

In *State v. Vanderpool,* 286 Neb. 111, 118-19, 835 N.W.2d 52, 58 (2013), the Nebraska Supreme Court, quoting *State v. Scholl,* 227 Neb. 572, 419 N.W.2d 137 (1988), stated:

"If the dialogue which is required between the court and the defendant whereat, as here, the court receives an affirmative answer as to whether the defendant understands the specified and full panoply of constitutional rights . . . and whether it is true that defendant was not improperly influenced by threats or promises . . . all done during the sanctity of a

full and formal court proceeding, is to be impugned by a mere recantation made after the doors of the prison clang shut, we are wasting our time and that of the trial judges, making a mockery out of the arraignment process."

At the plea hearing, the district court advised Rodriguez of the possible penalties associated with her plea to second degree assault and informed her that the court was "free to sentence [her] under the full range of possible penalties" and that although she "may be entitled to an order of probation by the Court at sentencing . . . there's absolutely no promise or guarantee of the Court entering such an order." Rodriguez responded that she understood. Further, Rodriguez responded in the negative when asked if "anyone made any threats, used any force or promised [her] anything in exchange for [her] plea aside from the plea agreement. . ." Rodriguez admits as much in her brief:

> Rodriguez does concede that when she entered her plea the court did advise her that while she may be entitled to an order of probation by the court at sentencing, there is no promise or guarantee of the court entering such an order of probation. Rodriguez also stated to the court that she understood that, pursuant to the plea agreement, the State had only agreed not to oppose probation.

Brief for appellant at 15. (Citations omitted.) We find that Rodriguez' representations to the court on the record that she understood there was no promise or guarantee of a sentence of probation affirmatively refutes her current claim that her counsel was ineffective for suggesting otherwise.

CONCLUSION

Having considered and rejected Rodriguez' assigned errors, we affirm her conviction and sentence.

AFFIRMED.