IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. MORRIS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JESEAN T. MORRIS, APPELLANT.

Filed October 3, 2023.    No. A-23-142.

Appeal from the District Court for Lancaster County: KEVIN R. MCMANAMAN AND GREGORY M. SCHATZ, Judges. Affirmed.

Timothy P. Sullivan, of Sullivan Law, for appellant.

Michael T. Hilgers, Attorney General, and Jordan Osborne for appellee.

BISHOP, ARTERBURN, and WELCH, Judges.

WELCH, Judge.

### INTRODUCTION

Jesean T. Morris appeals his plea-based conviction of attempted first degree assault. He contends that the sentence imposed was excessive and that his trial counsel was ineffective in failing to adequately investigate and prepare for trial and that Morris would not have accepted the plea agreement had he believed trial counsel to be adequately prepared. For the reasons set forth herein, we affirm.

### STATEMENT OF FACTS

Morris was charged with first degree assault, a Class II felony; third degree assault on a pregnant woman, a Class IIIA felony; violating a protection order, a Class I misdemeanor; and child abuse, a Class I misdemeanor. Pursuant to a plea agreement, Morris pled no contest to an

amended information charging him with attempted first degree assault, a Class IIA felony, related to the assault of Patricia Tisdel.

The State provided a factual basis which provided that, on or about June 16, 2021, Tisdel reported that after she heard her neighbor, identified as Amelia Prochaska, screaming, "Patty, help," she opened her apartment door and observed Morris assaulting Prochaska by pulling her hair and punching her in the face. When Tisdel intervened, Morris struck Tisdel two times with a closed fist on the right side of her face causing her to fall to the ground. Morris also kicked her on the left side of her torso near her ribs. Tisdel reported that she was punched at least three times overall. Tisdel's jaw was fractured in six places requiring emergency surgery.

At the sentencing hearing, the court stated that it had reviewed the presentence investigation report (PSR) and that

the victim in this case is a 62-year-old woman who was violently attacked by [Morris] when she came to the assistance of her neighbor, . . . Prochaska, who was being assaulted by [Morris] in the hallway between the apartments . . . [of] Prochaska and . . . Tisdel.

. . . Prochaska yelled for help and the victim, . . . Tisdel, attempted to help the victim of . . . Morris' assault. And . . . Prochaska, who, again, was screaming for help, screaming for [Tisdel] in particular to help her. And the victim, [Tisdel], attempted to intervene and was violently punched in the face by [Morris].

. . . [T]he victim . . . suffered a broken jaw, broken in six places. It required surgery, which involved a permanent injury and symptoms that [Tisdel] still suffers from, eight weeks of restricted diet to Jello and sucking her nutrition through a straw because of her broken jaw.

Second surgery for a torn rotator cuff, third surgery for nerve damage to an elbow, and possibly a fourth surgery for a neck injury, all sustained in this violent assault by [Morris].

[Tisdel's] injuries were clearly serious bodily injuries as defined by the Nebraska Criminal Code and [Morris] is fortunate that the charges were reduced from first degree assault, which carries up to 50 years, to just an attempted first degree assault, the maximum penalty of 20 years' imprisonment.

The court's aware of [Morris'] criminal history, dating back to 2009 and 2010. [Morris] was convicted of a shooting in Sarpy County and was sentenced to prison as a result of that incident.

His protection order violations began apparently in 2018. . . . I don't know if all of these protection orders involved . . . Prochaska, but I know several of them did. . . .

The court is mindful, too, of [Morris'] mental health history. The court has reviewed medical records from Immanuel Medical Center from July of 2009, at which time [Morris] was brought there by the Omaha Police regarding a shooting incident. And [Morris] at that time reported symptoms of bipolar depression.

The Immanuel Medical Center medical records reference treatment of [Morris] for bipolar disorder in 2006 and in 2007.

In 2009, [Morris] was released to the Douglas County Youth Center with a recommendation that there be a follow-up psychiatric visit and evaluation, which

apparently never occurred. And it appears that [Morris] has suffered from this untreated bipolar depression or disorder since 2006 or 2007.

I agree with the victim in this case, that [Morris] needs to be separated from society until hopefully his mental problems and his anger management problems can be treated and dealt with. And I hope that . . . can occur for [Morris].

But this court has no choice but to sentence [Morris] to the penitentiary.

The district court sentenced Morris to 18 to 20 years' imprisonment with credit for 37 days served. Morris has timely appealed to this court and is represented by different appellate counsel.

## ASSIGNMENTS OF ERROR

Morris contends that the sentence imposed was excessive, and Morris further contends that his trial counsel was ineffective in failing to adequately investigate and prepare for trial and that Morris would not have accepted the plea agreement had he believed trial counsel to be adequately prepared.

## STANDARD OF REVIEW

A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Alkazahy*, 314 Neb. 406, 990 N.W.2d 740 (2023).

Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirements. *State v. Warner*, 312 Neb. 116, 977 N.W.2d 904 (2022); *State v. Betts*, 31 Neb. App. 737, 989 N.W.2d 441 (2023). An appellate court determines as a matter of law whether the record conclusively shows that (1) a defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by a defense counsel's alleged deficient performance. *State v. Warner, supra*; *State v. Betts, supra*.

## ANALYSIS

### EXCESSIVE SENTENCE

Morris' first assignment of error is that the sentence imposed was excessive. Morris contends that there is no indication that the district court considered his education and law-abiding behavior, or if the sentence imposed exceeded the minimum period consistent with protection of the public, the gravity of the offense, and Morris' rehabilitative needs.

Morris was convicted of attempted first degree assault, a Class IIA felony. See, Neb. Rev. Stat. § 28-201 (Reissue 2016) (criminal attempt); Neb Rev. Stat. § 28-308 (Reissue 2016) (first degree assault). His sentence of 18 to 20 years' imprisonment is within the statutory sentencing range for Class IIA felonies which are punishable by a minimum of no imprisonment and a maximum of 20 years' imprisonment. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2022). Further, Morris received a substantial benefit from his plea agreement in which the charged offense of first degree assault, a Class II felony, punishable by 1 to 50 years' imprisonment, was reduced to attempted first degree assault, a Class IIA felony, punishable by a maximum of 20 years'

imprisonment. Additionally, as part of the plea agreement, three other charges consisting of a Class IIIA felony and two Class I misdemeanors, were dismissed by the State.

The presentence investigation report noted that Morris was 29 years old, single, with two dependents. He graduated from high school. Morris' criminal history includes nine convictions of violating a protection order, two convictions of criminal mischief ($0-$500), and one conviction each of attempted second degree assault, use of a firearm to commit a felony, criminal impersonation, damage to property, assaulting an officer with bodily fluids, assault, intimidation by phone call, theft by unlawful taking ($500-$1,500), and possession of marijuana (1 oz. or less). Subsequent to the current offense, Morris was convicted twice of violating a protection order and was convicted once of trespassing. Morris has a history of mental health issues including bipolar disorder and schizophrenia. The level of service/case management inventory assessed Morris as a very high risk to reoffend. The PSR included a victim impact statement in which Tisdel recounts her serious physical injuries as well as the emotional trauma that she has endured as a result of Morris' assault.

Although Morris contends that the there is no indication that the district court considered several of the statutory factors, the district court stated that it reviewed the presentence investigation report, which included information concerning all of the factors to be considered by a sentencing court. *State v. Thomas*, 311 Neb. 989, 977 N.W.2d 258 (2022). Further, a sentencing court is not required to articulate on the record that it has considered each sentencing factor nor to make specific findings as to the facts pertaining to the factors or the weight given them. *State v. Greer*, 309 Neb. 667, 962 N.W.2d 217 (2021).

Based upon factors including that the sentence imposed was within the statutory sentencing range, Morris' criminal history including numerous convictions for assault and violation of a protection order, the nature and seriousness of the offense, the violence involved in the commission of the offense, the substantial physical and emotional injuries sustained by the victim, and the need to protect society from Morris, the sentence imposed was not an abuse of discretion. This assignment of error fails.

INEFFECTIVE ASSISTANCE OF COUNSEL

Morris' second assignment of error is that his trial counsel was ineffective in failing to adequately investigate and prepare for trial and that Morris would not have accepted the plea agreement had he believed trial counsel to be adequately prepared.

As this court recently stated in *State v. Betts*, 31 Neb. App. 737, 745-46, 989 N.W.2d 441, 448 (2023):

> To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Lessley*, 312 Neb. 316, 978 N.W.2d 620 (2022). To show that counsel's performance was deficient, the defendant must show counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id.* To show prejudice under the prejudice component of the *Strickland* test, the defendant must demonstrate a reasonable probability that but for his or her counsel's deficient performance, the result of the proceeding would have been

different. *State v. Lessley, supra*. When a conviction is based upon a plea of no contest, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading no contest. *State v. Anderson*, 305 Neb. 978, 943 N.W.2d 690 (2020). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *State v. Warner, supra*. The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *Id.* The determining factor is whether the record is sufficient to adequately review the question. *Id.* Assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity. *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022).

Here, we find that Morris' general allegation that his counsel was ineffective in failing to adequately investigate and prepare for trial fails for two reasons. First, in *State v. Privett*, 303 Neb. 404, 410, 929 N.W.2d 505, 511-12 (2019), the Nebraska Supreme Court stated that "[i]n the context of a claim of ineffectiveness of counsel for failure to investigate, allegations are too speculative to warrant relief if the petitioner fails to allege what exculpatory evidence that the investigation would have procured and how it would have affected the outcome of the case." Accord *State v. Vanderpool*, 286 Neb. 111, 835 N.W.2d 52 (2013). Applying that principle of law to the allegations in *Vanderpool*, the Nebraska Supreme Court held that the defendant "did not identify what exculpatory evidence investigation would have uncovered, which witnesses [defense counsel] should have interviewed, or what testimony those witnesses would have provided." *State v. Vanderpool*, 286 Neb. at 120, 835 N.W.2d at 59. Similarly, Morris' general allegation that his counsel was ineffective for failing to adequately investigate and prepare for trial is lacking in specificity and is too speculative to warrant relief.

In addition, the record affirmatively refutes Morris' claim that his trial counsel was ineffective in failing to adequately investigate and prepare for trial and that Morris would not have accepted the plea agreement had he believed trial counsel to be adequately prepared. During the plea hearing, the following colloquy occurred between the court and Morris:

THE COURT: Have you gone over all of the facts and possible defenses you have with your attorney?

[Morris]: Yeah.

THE COURT: Do you need any more time to discuss this case with your attorney before I accept your plea?

[Morris]: No.

THE COURT: Are you satisfied with the advice and representation given to you by your lawyer in this case?

[Morris]: Yes.

THE COURT: Do you have a complete understanding, then, of what it means to offer your plea?

[Morris]: Yes.

THE COURT: Are you entering this plea of your own free will and without any reservations?

[Morris]: Yes.

Allegations of ineffective assistance of trial counsel which are affirmatively refuted by a defendant's assurances to the sentencing court do not constitute a basis for postconviction relief. *State v. Vanderpool, supra*. As the Nebraska Supreme Court noted in *State v. Vanderpool*, 286 Neb. at 118-19, 835 N.W.2d at 58:

If the dialogue which is required between the court and the defendant whereat, as here, the court receives an affirmative answer as to whether the defendant understands the specified and full panoply of constitutional rights . . . and whether it is true that defendant was not improperly influenced by threats or promises . . . all done during the sanctity of a full and formal court proceeding, is to be impugned by a mere recantation made after the doors of the prison clang shut, we are wasting our time and that of the trial judges, making a mockery out of the arraignment process.

Morris, in response to the district court's questions, indicated that he had shared all information regarding defenses with his trial counsel, that he did not need any additional time to consult with his trial counsel regarding his plea, that he was satisfied with his trial counsel's representation and advice, that he understood of what it meant to plead in this case, and that he was entering his plea voluntarily and of his own free will. He cannot now complain to the contrary. Because Morris' general allegation that his trial counsel did not adequately investigate or prepare for trial is lacking in specificity and because the record affirmatively refutes that claim, this assignment of error fails.

CONCLUSION

Having considered and rejected Morris' assigned errors, we affirm his conviction and sentence.

AFFIRMED.