IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. POLYANSKY

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JENNIFER J. POLYANSKY, APPELLANT.

Filed February 11, 2025.    Nos. A-24-316, A-24-317.

Appeals from the District Court for Lancaster County: SUSAN I. STRONG, Judge. Affirmed.

Kristi J. Egger, Lancaster County Public Defender, and Shawn Elliott for appellant.

Michael T. Hilgers, Attorney General, and Teryn Blessin for appellee.

PIRTLE, ARTERBURN, and WELCH, Judges.

WELCH, Judge.

## I. INTRODUCTION

In these consolidated appeals, Jennifer J. Polyansky appeals from her plea-based convictions of two counts of theft by unlawful taking and one count of theft by deception, second or subsequent offense. She contends that the sentences imposed are excessive and that her trial counsel was ineffective in failing to: argue for probation or concurrent terms of imprisonment; provide her with discovery; advise her on how to defend the against the charges; and meaningfully consult with her when counseling her to accept the plea. For the reasons set forth herein, we affirm her convictions and sentences.

## II. STATEMENT OF FACTS

### 1. CASE NO. 23-1426

In case No. 23-1426, Polyansky was charged with theft by unlawful taking ($1,500 to $5,000), a Class IV felony; possession of amphetamines, a Class IV felony; and theft by unlawful

taking ($5,000 or more), a Class IIA felony. Pursuant to a plea agreement, Polyansky pled no contest to two counts of theft by unlawful taking ($1,500 to $5,000), both Class IV felonies.

Regarding Polyansky's first theft by unlawful taking charge, the State provided a factual basis setting forth that Tanner Hirsch reported that his 1991 Jeep Cherokee had been stolen from his residence on June 24, 2023, sometime between 4 and 8 p.m. The value of the Jeep was approximately $2,500. On June 28, an individual reported that the stolen Jeep was parked and running in his yard. At around that same time, another area resident reported that a suspicious male and female had been outside her apartment and that she had video footage. After officers viewed the video, they identified the individuals as Polyansky and a co-defendant. During the processing of the Jeep, officers located a June 28 Walmart receipt. Walmart surveillance video showed Polyansky and her co-defendant in Walmart on June 28. Eventually, both Polyansky and her co-defendant were arrested wearing the same clothes observed in the video footage provided by the area resident and the Walmart surveillance footage.

Regarding Polyansky's second theft by unlawful taking charge, the State provided a factual basis setting forth that around 4 p.m. on July 6, 2023, a Lincoln police officer responded to a report of a suspicious vehicle. After running the front license plate, the officer determined that the vehicle, a pickup truck, had been stolen on July 4. The officer observed the vehicle until Polyansky and the co-defendant "appeared near the pickup, running towards it, quickly getting in, and the truck drove away." Officers attempted to stop the truck, but it fled, and officers did not pursue it. Officers subsequently recovered the truck and arrested Polyansky and her co-defendant.

### 2. CASE NO. 23-1427

In case No. 23-1427, Polyansky was charged with theft by deception ($500 to $1,500), second or subsequent offense, a Class IV felony. Pursuant to the global plea agreement, Polyansky pled no contest to the charged offense. The State provided a factual basis setting forth that on June 6, 2023, an individual reported that "someone took The People's City Mission U-Stop gas charge card from their box truck." The reporting party had observed an unknown white female enter the box truck, but at that time, did not notice anything missing. It was later determined that the card had been used numerous times for fuel purchases. Surveillance video showed Polyansky using the charge card at several U-Stops for purchases totaling $529.

Following an enhancement hearing in which the State provided evidence of Polyansky's prior conviction of theft by unlawful taking ($500 to $1,500), the court determined that Polyansky's current offense should be enhanced to a second offense.

### 3. COMBINED SENTENCING HEARING

At the combined sentencing hearing, the court stated:
in reviewing the presentence investigation report, I do agree with the State that . . . Polyansky has an extensive history of theft-related charges, and some possession charges.

I understand that these crimes probably do fall into the category of her being an addict and . . . I'd say that it is an extensive history. And certainly there were several individuals that were harmed by these crimes in these two cases.

And having said that, I am going to sentence [Polyansky] to straight sentences in the Nebraska Department of Corrections.

- 2 -

Regarding case No. 23-1426, the court stated:

Having regard for the nature and circumstances of the crimes and the history, character and conviction of [Polyansky], the Court finds that there are substantial and compelling reasons not to place [Polyansky] on probation, and that imprisonment of [Polyansky] is necessary. [Polyansky] has a demonstrated history of criminal conduct and disregard for the law. And further, a lesser sentence would depreciate the seriousness of [Polyansky's] crimes and promote disrespect for the law.

On count 1, the court sentenced Polyansky to serve 12 months' imprisonment, with credit for 1 day served, followed by 12 months of post-release supervision. On count 2, the court sentenced Polyansky to serve 12 months' imprisonment with no post-release supervision. The sentences were ordered to be served consecutively to each other and any other sentence being served by Polyansky.

Regarding case No. 23-1427, on the conviction for theft by deception ($500 to $1,500), second or subsequent offense, the court sentenced Polyansky to serve 12 months' imprisonment with no term of post-release supervision. This sentence was ordered to be served consecutively to the sentences imposed in case No. 23-1426 and any other sentence being served.

## III. ASSIGNMENTS OF ERROR

Polyansky contends that (1) the sentences imposed were excessive and (2) her trial counsel was ineffective in: (a) failing to "argue that the Court should place her on probation or, alternatively, to impose concurrent sentences," and (b) failing to "provide her with discovery, . . . advise her how she could defend against the charges . . ., and . . . consult with her in a meaningful way when [trial counsel] counseled her to accept the State's plea offer." Brief for appellant at 7-8.

## IV. STANDARD OF REVIEW

A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Alkazahy*, 314 Neb. 406, 990 N.W.2d 740 (2023).

It is within the discretion of the trial court whether to impose probation or incarceration, and an appellate court will uphold the court's decision denying probation absent an abuse of discretion. *State v. Wills*, 285 Neb. 260, 826 N.W.2d 581 (2013); *State v. Montoya*, 29 Neb. App. 563, 957 N.W.2d 190 (2021).

Whether a claim of ineffective assistance of counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *State v. Npimnee*, 316 Neb. 1, 2 N.W.3d 620 (2024). In reviewing a claim of ineffective assistance of counsel on direct appeal, an appellate court determines as a matter of law whether the record conclusively shows that (1) a defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by a defense counsel's alleged deficient performance. *Id.*

## V. ANALYSIS

### 1. EXCESSIVE SENTENCE

Polyansky's first assignment of error is that the sentences imposed were excessive. Polyansky was convicted of three counts of theft, all Class IV felonies. See, Neb. Rev. Stat § 28-511 (Reissue 2016) (theft by unlawful taking or disposition); Neb. Rev. Stat. § 28-512 (Reissue 2016) (theft by deception); Neb. Rev. Stat. § 28-518 (Reissue 2016) (grading of theft offenses). Although we recognize that § 28-518 was amended in 2023, that amendment became effective after the dates of the offenses in the instant case. Polyansky was sentenced to three consecutive 12-month terms of imprisonment with one 12-month term of post-release supervision. These sentences are within the statutory sentencing range for Class IV felonies, which are punishable by a minimum of no imprisonment and no post-release supervision and a maximum of 2 years' imprisonment, 12 months' post-release supervision, and/or a $10,000 fine. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2022). Polyansky also received a benefit from her global plea agreement.

When sentences imposed within statutory limits are alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering well-established factors and any applicable legal principles. *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022). The relevant factors for a sentencing judge to consider when imposing a sentence are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id*. The sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *State v. Morton*, 310 Neb. 355, 966 N.W.2d 57 (2021).

According to the presentence investigation report, Polyansky was 34 years old, single, with two dependents. She completed high school. Her criminal history includes five convictions each for theft by shoplifting (under $200) and failure to appear; three convictions each for driving under suspension and false reporting; two convictions each for minor in possession, disturbing the peace, making a false statement to police, possession of drug paraphernalia, attempted possession of a controlled substance, possession of a controlled substance, and theft by shoplifting, 3rd or subsequent offense ($0 to $500); and convictions for driving under the influence, driving during revocation, theft by unlawful taking ($0 to $500), theft by unlawful taking ($500 to $1,500), second degree forgery ($0 to $500), second offense theft by shoplifting ($0 to $500) and theft by deception, 2nd or subsequent offense ($500 to $1,500). The level of service/case management inventory assessed Polyansky as a very high risk to reoffend. Polyansky admitted to using alcohol, marijuana, and methamphetamine. Polyansky admitted to receiving misconduct reports for not obeying orders, not standing in line, and not closing her locker, during her current incarceration.

Based on factors including that the sentences imposed are within the applicable statutory sentencing ranges, the benefit that Polyansky received from her plea agreement, her substantial

criminal history, and her high risk to reoffend, the sentences imposed were not excessive. This assignment of error fails.

## 2. INEFFECTIVE ASSISTANCE OF COUNSEL

Polyansky's second assignment of error is that her trial counsel was ineffective in: (a) failing to "argue that the Court should place her on probation or, alternatively, to impose concurrent sentences" and (b) failing to "provide her with discovery, . . . advise her how she could defend against the charges . . ., and . . . consult with her in a meaningful way when [trial counsel] counseled her to accept the State's plea offer." Brief for appellant at 7-8.

In *State v. Lierman*, 305 Neb. 289, 312-13, 940 N.W.2d 529, 548 (2020), the Nebraska Supreme Court stated:

> In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance.

> When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. Once raised, the appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims.

> In order to know whether the record is insufficient to address assertions on direct appeal that trial counsel was ineffective, appellate counsel must assign and argue deficiency with enough particularity (1) for an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) for a district court later reviewing a petition for postconviction relief to be able to recognize whether the claim was brought before the appellate court. When a claim of ineffective assistance of trial counsel is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel.

### (a) Failure to Argue

Polyansky's first claim is that her trial counsel was ineffective in failing to argue that the court should place her on probation or, alternatively, impose concurrent sentences.

In *State v. Haas*, 317 Neb. 919, 935, 12 N.W.3d 787, 801-02 (2024), the Nebraska Supreme Court considered defendant's claim on direct appeal that trial counsel was ineffective for failing to submit mitigating documents before the sentencing hearing. The Court noted that trial counsel had offered mitigating documents at the sentencing hearing, the district court received the documents prior to sentencing him, and the district court expressly stated in its judgment and sentence that it had "considered the information presented in the [PSR] as well as any further documents presented by the parties and received by the Court for purposes of sentencing." The Nebraska Supreme Court held that the defendant could not show prejudice because defendant's

claim was refuted by the record where the district court received and considered the defendant's mitigating documents.

Here, Polyansky acknowledges that trial counsel asked the court to consider running some of her sentences concurrently but argues that counsel failed to state any reason or argue why probation or concurrent sentences would be a just resolution. Further, after counsel finished his arguments at sentencing, Polansky did not exercise her right to allocution when given the opportunity to do so. Additionally, prior to sentencing Polyansky, the court stated that it had reviewed the PSR. The PSR reflects that Polyansky informed the probation officer that she was "hopeful for probation as she would like the structure of it" and that "she wants to prove to herself that she can do something right for once." And, in a letter to the court, Polyansky stated that she graduated from the residential substance use unit at the Nebraska Correctional Center for Women in December 2023, that she was not currently using drugs or alcohol, and that she attends one to three support meetings per week. She requested that the court consider sentencing her to probation or to run her sentences concurrently with her current sentence. Because Polyansky's letter to the court requesting probation or, alternatively, concurrent sentences, was included in the PSR and considered by the district court, she cannot show prejudice. Accordingly, this claim is refuted by the record and is not preserved for postconviction review.

### (b) Remaining Claims

Polyansky separately assigns that her trial counsel was ineffective in failing to provide her with discovery, failing to advise her on how she could defend against the charges, and failing to consult with her in a meaningful way when her attorney counseled her to accept the State's plea agreement. We first note that, generally speaking, all three of these claims run contrary to Polyansky's representations to the district court during the plea hearing when, following her acceptance of the factual basis, she advised the court that she had fully discussed the case with her trial counsel, she told him everything that she knew about the case, she did not need more time to talk with her attorney, and she was satisfied with her attorney's representation. When allegations of ineffective assistance are affirmatively refuted by a defendant's assurances to the sentencing court, there is no basis for relief. See *State v. Vanderpool*, 286 Neb. 111, 835 N.W.2d 52 (2013). In making this decision, the court cited to a prior opinion where it had stated,

> If the dialogue which is required between the court and the defendant . . . all done during the sanctity of a full and formal court proceeding, is to be impugned by a mere recantation made after the doors of the prison clang shut, we are wasting our time and that of the trial judges, making a mockery out of the arraignment process.

*Id.* at 118-19, 835 N.W.2d at 58 (citing *State v. Scholl*, 227 Neb. 572, 419 N.W.2d 137 (1988)).

But even assuming without deciding that these assignments do not constitute a recantation of Polyansky's representations to the district court, we find that two of the three allegations relating to counsel's communications with Polyansky simply do not provide the necessary level of specificity as to claims of deficient performance sufficient to establish why the claims would constitute ineffective assistance of trial counsel. As we have often quoted, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *State v. Miller*, 315 Neb. 951, 2 N.W.3d 345 (2024). A vague or conclusory allegation of

deficient performance is insufficient to raise or preserve a claim of ineffective assistance of counsel. See *State v. Abdullah*, 289 Neb. 123, 853 N.W.2d 858 (2014).

Here, the State's factual basis provided direct evidence of the offenses Polyansky was alleged to have committed and which Polyansky accepted. But having accepted the factual basis, having pled no contest, and having been sentenced, she now generally asserts that her counsel failed to provide discovery, failed to advise her on how to defend against the charges, and failed to consult with her in a meaningful way in connection with her plea. As to the general allegations that defense counsel failed to advise her how to defend against the charges or consult with her in a meaningful way regarding her decision to enter pleas of no contest, we find these allegations to be vague and conclusory placeholders which are insufficient to raise or preserve a claim of ineffective assistance of trial counsel. See, *State v. Mora*, 298 Neb. 185, 903 N.W.2d 244 (2017) (concluding allegation that counsel failed to adequately communicate to prepare defense was insufficiently pled); *State v. Woodruff*, 30 Neb. App. 193, 965 N.W.2d 836 (2021) (determining allegation that counsel provided deficient advice with respect to pleading insufficient). However, we find that Polyansky's allegation that counsel failed to share discovery with her is sufficiently specific and is therefore preserved. See *State v. Woodruff, supra*.

## VI. CONCLUSION

Having found that the sentences imposed were not excessive and that her allegations of ineffective assistance of counsel in connection with failing to properly argue at the sentencing hearing, failing to advise her how to defend against the charges, and failing to meaningfully consult with her, were either insufficiently pled or were refuted by the record, we affirm Polyansky's convictions and sentences. We preserve for postconviction only her claim of ineffective assistance of counsel alleging that counsel failed to provide her with discovery.

AFFIRMED.