IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. WOLFE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JEFFEREY R. WOLFE, APPELLANT.

Filed May 19, 2026.    No. A-25-775.

Appeal from the District Court for Lancaster County: LORI A. MARET, Judge. Affirmed.

Anne E. Brown, of Morrow, Poppe, Watermeier & Lonowski, P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, and Teryn Blessin for appellee.

RIEDMANN, Chief Judge, and PIRTLE and FREEMAN, Judges.

PIRTLE, Judge.

## I. INTRODUCTION

Jefferey R. Wolfe appeals his plea-based convictions for attempted possession of a controlled substance and third degree domestic assault, both Class I misdemeanors. On appeal, he contends that the sentences imposed by the district court were excessive and that he received ineffective assistance of trial counsel in various respects. Upon our review, we affirm Wolfe's convictions and sentences.

## II. BACKGROUND

In July 2024, the State filed an information charging Wolfe with two felony offenses and one misdemeanor offense as a result of Wolfe's actions on April 9, 2024. The charges included second degree assault, a Class IIA felony; possession of a controlled substance, a Class IV felony; and third degree domestic assault, a Class I misdemeanor. In July 2025, the State filed an amended

information that charged Wolfe with two Class I misdemeanors: attempted possession of a controlled substance and domestic assault.

Wolfe entered into a plea agreement with the State, and pursuant to the plea agreement, Wolfe pled guilty to the two misdemeanor offenses set forth in the amended information. During the plea hearing, Wolfe indicated that no one had threatened him or made promises to compel him to plead guilty to the amended charges. In addition, he affirmed that he understood both the constitutional rights he was waiving by pleading to the charges and the possible consequences of his pleas. Wolfe informed the district court that he had been provided with sufficient time to discuss the case with his attorney and that together they had discussed his options. He denied that his counsel had refused or neglected to do anything he asked of him. Wolfe entered pleas of guilty to the charges contained in the amended information.

The State provided a factual basis for Wolfe's pleas:

On April 9th, 2024, officers were detailed to Bryan West parking lot on report of a domestic [sic]. There they made contact with [Angela R.], who was observed to be bleeding a lot from the right side of her head, shaking, crying, and visibly scared. [Wolfe] was asked to step outside of the room so officers could speak alone with [Angela].

[Angela] stated that she was in a relationship with [Wolfe] for approximately seven years. When asked about the injury, she initially stated she hit her head on the truck door when she was getting into her truck. She also kept saying that she didn't want [Wolfe] to go to jail. [Angela] appeared to be very nervous with [Wolfe] close by in the hallway.

[Wolfe] told Officer Prater and Officer Eastman that he didn't know what happened to [Angela's] head, or why she was bleeding.

A reporting party, identified as Ms. Bruder, was contacted by Officer Sternhagen. And she stated that she saw the male in a white truck striking a female multiple times in the head at the Casey's at 9th and South. She stated she was seeing the male throw an item at the female as well. She believed it was a water bottle. Ms. Bruder stated that the truck drove eastbound on South Street, and she was in her vehicle and could see the male still assaulting or possibly even choking the female. She could hear the female yelling for help while driving the truck.

Due to the report from Ms. Bruder, officers determined they had probable cause to make an arrest. While making that arrest, they conducted a search incident to arrest. While searching [Wolfe's] person they located a small glass bulbous pipe in his front right jean pocket . . . [which] [w]ould later be sent to the state lab and confirmed to be methamphetamine.

After [Wolfe] was removed from the area, officers again contacted [Angela] in the E.R. room. She stated that she was driving [Wolfe], and he became upset with her and began yelling at her. She stated [Wolfe] struck her [on] the side of the head with a Bluetooth speaker because he was angry with her for asking for gas money. She stated this took place inside her truck, and that it caused her head to start bleeding a lot, along with extreme pain. And she was worried she was not going to make it to the hospital.

She also stated [Wolfe] threw soda on her while in the truck, which got over all over the vehicle. Officers later searched the truck and found the Bluetooth speaker in the truck and observed the inside of the vehicle [to] be covered in soda.

All events in Lancaster County, Nebraska.

Ultimately, the district court found that Wolfe understood the nature of the charges against him and the possible sentences; that his guilty pleas were made freely, voluntarily, knowingly, and intelligently; and that the factual basis supported his pleas. The court then accepted Wolfe's guilty pleas to the offenses in the amended information. The court ordered that a presentence investigation report (PSR) be completed prior to sentencing and scheduled the sentencing hearing for September 2025.

At the sentencing hearing, Wolfe's counsel argued in favor of a fine or probation, noting that Wolfe had the support of his mother, his son, and his significant other. Wolfe's counsel also pointed out that in Wolfe's criminal history there were assaults mentioned, but they were dismissed, so he did not have a history of violence. To the contrary, the State argued for a term of incarceration, referring to Wolfe's plea deal as generous and Wolfe's denial of accountability in his PSR as "embarrassing."

In its comments prior to imposing a sentence, the district court stated, in part:

You do have a history of assaultive behavior dating back to 1989, in which you were convicted of an assault. You received probation at that time, but your probation was revoked. In 2007[,] you were also convicted of assaultive type behavior, in which you received a $25 fine. Which anyone who practices in this jurisdiction knows that it was a domestic related assault in which you must have participated in a batter's intervention program, and thus received the benefit of just a $25 fine.

And then we have this conviction of a 2024 domestic violence offense, with the addition of an attempted possession of a controlled substance. To say that you've been sober is not something that the Court, frankly, believes at this point. Also, to say that you don't have any other history of assaultive behavior is something that the Court also does not believe in [as] you [also have] four prior charges of assault that were subsequently dismissed for one reason or another under the county attorney's indication for dismissal, indicating that the victim may or may not have been cooperative as the reason that those counts were dismissed.

There's been absolutely no acceptance of responsibility in this matter for this offense. And we even had third party disinterested eyewitnesses to this assault, that really had no skin in this matter, who witnessed you assaulting this woman. And this, frankly, is a classic case of domestic violence. You're a classic batter[er].

The court found that imprisonment was necessary for the protection of the public, given the nature and circumstances of the crime, as well as Wolfe's history, character, and condition. The court sentenced Wolfe to a period of 365 days' imprisonment for attempted possession of a controlled substance and to a period of 365 days' imprisonment for domestic assault. The sentences were ordered to run consecutive to one another, such that Wolfe was sentenced to a total of 2 years' imprisonment. Wolfe was given credit for 66 days served.

Wolfe appeals.

## III. ASSIGNMENTS OF ERROR

Wolfe asserts on appeal that the district court abused its discretion in imposing excessive sentences. He also asserts that he received ineffective assistance of trial counsel when counsel failed to provide him with complete discovery, pressured him to accept a plea offer and "did not explain to [Wolfe] when to give sentencing comments," and failed to convey Wolfe's version of events at sentencing.

## IV. STANDARD OF REVIEW

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Johnson*, 33 Neb. App. 194, 11 N.W.3d 703 (2024).

Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *Id.* In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id.*

## V. ANALYSIS

### 1. EXCESSIVE SENTENCES

Wolfe argues in his brief on appeal that the district court imposed excessive sentences because the court improperly weighed and considered the relevant sentencing factors. He argues that such a lengthy aggregate prison sentence as was imposed in this case was not warranted. Upon our review, we find no abuse of discretion in the district court's sentencing determination.

The first step in analyzing whether sentences are excessive is to examine the statutory limits for each offense. *Id*. An appellate court will not disturb a sentence imposed within the statutory limits unless the trial court abused its discretion. *Id.* Wolfe was convicted of attempted possession of a controlled substance and third degree domestic assault, both Class I misdemeanors. A Class I misdemeanor is punishable by up to 1 year's imprisonment, a $1,000 fine, or both. See Neb. Rev. Stat. § 28-106 (Reissue 2016). Wolfe was sentenced to 365 days, or 1 year's imprisonment, on both convictions, which are within the statutory limits.

Because Wolfe's sentences are within statutory limits, we review the district court's sentences for an abuse of discretion. In reviewing whether an abuse of discretion occurred during sentencing, an appellate court determines whether the sentencing court considered and applied the relevant factors and any applicable legal principles in determining the sentence to be imposed. *State v. Johnson, supra*. Relevant factors in that analysis may include the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the

nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.* The appropriateness of a sentence is necessarily a subjective judgment that includes the sentencing judge's observation of the defendant's demeanor and attitude and all of the facts and circumstances surrounding the defendant's life. *Id.*

Wolfe's PSR indicates that he was 53 years old at the time of sentencing. He graduated from high school and has two adult children. Wolfe had a violent criminal history, having been convicted of third degree assault in 1989 and assault in 2007. Wolfe also reported that he had been sober for approximately 5 years, yet in this case he was found with a bulbous pipe on his person, which tested positive for methamphetamine.

Wolfe's PSR indicates he has a history of assaultive offenses, and his criminal history reflects a poor or indifferent attitude toward laws and authority figures.

Despite Wolfe's assertions to the contrary on appeal, the record demonstrates that the district court sufficiently considered all of the relevant sentencing factors in making its sentencing determination. The court explicitly stated during the sentencing hearing that it had considered Wolfe's age, condition, criminal history, and the circumstances of the crime. The court also found that Wolfe's sentences were necessary for the protection of the public, because the risk was substantial that during any period of probation Wolfe would engage in additional criminal conduct, and lesser sentences would depreciate the seriousness of Wolfe's crimes and promote disrespect for the law. We conclude that the sentences imposed by the district court were not excessive and that the court did not abuse its discretion when it sentenced Wolfe within the statutory limits.

### 2. INEFFECTIVE ASSISTANCE OF COUNSEL

Through different counsel, Wolfe contends that his trial counsel provided ineffective assistance in three ways. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *State v. Johnson*, 33 Neb. App. 194, 11 N.W.3d 703 (2024).

Whether a claim of ineffective assistance of counsel may be determined on direct appeal is a question of law. *Id.* In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id.*

An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to recognize whether the claim was brought before the appellate court. *Id.*

When a claim of ineffective assistance of counsel is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *Id.* Once raised, an appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims. *Id.* The record is sufficient if it establishes either that trial

counsel's performance was not deficient, that the appellant will not be able to establish prejudice as a matter of law, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id.*

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Johnson, supra.* To show that counsel's performance was deficient, the defendant must show counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id.* To show prejudice from counsel's deficient performance, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* When a conviction is based upon a guilty plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *State v. Saufley*, 29 Neb. App. 592, 956 N.W.2d 726 (2021).

### (a) Failure to Provide Complete Discovery

Wolfe first assigns that his trial counsel was ineffective because counsel failed to provide Wolfe with complete discovery. We find that this assigned error does not comply with the specificity set forth in *State v. Rupp*, 320 Neb. 502, 28 N.W.3d 74 (2025). An assignment of error must, standing alone, permit an appellate court to determine if the claim can be decided upon the trial record and also permit a district court to later recognize that the claim was raised on direct appeal. *Id.* This requires a description of the specific conduct alleged to constitute deficient performance. *Id.* The argument section of the brief is to elaborate on these claims by discussing legal authority and its application to the trial record, not to set forth, for the first time, what the allegedly deficient act was. *Id.*

Wolfe's assignment of error does not identify how his trial counsel was ineffective as it relates to discovery. Without scouring the brief, we are unable to discern the allegedly deficient performance that made Wolfe's counsel ineffective. Thus, we do not address this assigned error, and it is not preserved for postconviction review.

### (b) Pressure to Accept Plea and Failure to Explain

Wolfe next assigns that his trial counsel was ineffective because counsel pressured Wolfe to accept the plea agreement and failed to explain to him when to give his sentencing comments. We note that these are two separate arguments under one assignment of error; therefore, we will address them separately.

We first address Wolfe's claim that his counsel pressured him to accept the plea agreement. Although Wolfe admits that he told the court he was entering his plea of guilty freely and voluntarily and did not need additional time to speak with his attorney, he now asserts that he believed he needed to answer those questions affirmatively as part of his plea agreement.

We determine the record is sufficient to refute this claim on direct appeal. At the plea hearing, Wolfe confirmed that he had adequate time to speak with his attorney, there was nothing more he wanted to discuss with counsel that could help his case, and that he was satisfied with his

performance. As the Nebraska Supreme Court has noted, a defendant cannot secure relief by recanting assurances made to the trial court during the sanctity of a full and formal court proceeding "'after the doors of the prison clang shut.'" *State v. Vanderpool*, 286 Neb. 111, 118, 835 N.W.2d 52, 58 (2013) (quoting *State v. Scholl*, 227 Neb. 572, 419 N.W.2d 137 (1988)). Because Wolfe's specific representations to the district court refute his claim, we determine this assignment fails.

Wolfe next claims his trial counsel failed to explain to him when to give his sentencing comments. Wolfe admits he had an opportunity to be heard as the court asked him if he had any additional comments regarding sentencing and Wolfe was given the opportunity to speak.

We determine that the record is sufficient to find that Wolfe will be unable to demonstrate he was prejudiced by this alleged error. Wolfe was given the opportunity to make a statement during his PSR interview, make a statement at sentencing, and the district court had the opportunity to review both statements. Further, Wolfe does not assert on appeal what he would have said and there is nothing to indicate that any additional statement would have changed the outcome of sentencing. We determine this assignment fails.

### (c) Failure to Convey Wolfe's Version of Events

In his last assignment, Wolfe asserts his trial counsel was ineffective because counsel failed to articulate Wolfe's version of events at the sentencing hearing. Specifically, Wolfe argues that even though trial counsel briefly asserted Wolfe's version of events in his sentencing comments, had trial counsel put forth Wolfe's full account of events the court might have taken that into consideration.

We determine the record is sufficient to find that Wolfe will be unable to demonstrate he was prejudiced by this alleged error. As noted previously, the district court had the opportunity to review the PSR. Notably, the PSR contained Wolfe's version of events, where he claims that he did not assault the victim. The court acknowledged that Wolfe still had not accepted responsibility for his actions in the present case, even though there was an eyewitness to the assault. Because the record demonstrates the court already knew about, and had considered Wolfe's differing version of events, we determine there is not a reasonable probability that a different outcome would have occurred if his attorney had articulated Wolfe's entire version of events at the sentencing hearing. Therefore, we conclude this assignment fails.

### VI. CONCLUSION

We conclude the district court did not abuse its discretion in sentencing Wolfe. We also conclude that Wolfe's ineffective assistance of trial counsel claims fail or are not sufficiently raised on appeal. For these reasons, the order of the district court is affirmed.

AFFIRMED.